IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Efrain Areizaga, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 3:14-cv-2899 |
| ADW Corporation, | § § § | |
| *Defendant*. | § § § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Defendant ADW, Inc. ("*ADW*" or "*Defendant*"), improperly named as "ADW Corporation" in the State Court Proceedings discussed herein, hereby removes this action pursuant to 28 U.S.C. §§ 1441 and 1446.

### I.
### PROCEDURAL HISTORY

1. Plaintiff Efrain Areizaga ("*Plaintiff*") served a copy of his lawsuit against ADW on July 22, 2014, in Cause No. DC-14-02471, styled *Efrain Areizaga v. ADW Corporation*, pending in the 95th Judicial District Court of Dallas County, Texas, the Honorable Ken Molberg Presiding (the "*State Court Proceedings*").[1]

### II.
### FACTUAL BACKGROUND

2. Plaintiff's cause of action concerns a dispute pertaining to his employment as an Estimating Manager at ADW Corportation. Plaintiff alleges that he was not paid wages in

---

[1] A true and correct copy of Plaintiff's Original Petition in the State Court Proceedings is attached hereto as **EXHIBIT 2-2**.

compliance with the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq* (the "*FLSA*"). Plaintiff then joins various common law causes of action to his FLSA claim, including breach of contract, quantum meruit, promissory estoppel, fraud, and negligent misrepresentation.

3.  Plaintiff alleges various damages arising from this employment dispute, including alleged unpaid back wages, liquidated damages, actual damages, reliance damages, expectation damages, consequential damages, exemplary/punitive damages, court costs, attorney's fees, and expert witness fees. *Pl's Orig. Pet.* at 8-9 (Exh. 1). Plaintiff seeks to recover "in excess of $200,000.00 but less than $1,000,000.00." *Id.* at 1 (Exh. 1).

### III.
### BASIS FOR REMOVAL: "FEDERAL QUESTION"

4.  This case is properly removed to this Court pursuant to 28 U.S.C. § 1441(c) because the procedural requirements for removal under 28 U.S.C. § 1446 are satisfied, this Court has original jurisdiction over Plaintiff's cause of action under 28 U.S.C. § 1331, and Plaintiff's claims have not been made non-removable by statute.

5.  As noted above, Plaintiff asserts a cause of action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. The FLSA provides that "[a]n action to recover the liability prescribed in [Section 216(b) of the FLSA] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction…." As held by the United States Supreme Court, cases brought under the FLSA in state court are removable to federal district court. *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 693, 700 (2003). Specifically, the United States Supreme Court expressly held in *Breuer* that "there is no bar" to the removal of an FLSA lawsuit from state to federal court. *Id.* at 693.[2]

---

[2] *See also H&R Block, Ltd. v. Housden*, 24 F.Supp.2d 703, 705 (E.D. Tex. 1998); *Ramos v. H.E. Butt Grocery Co.*, 632 F.Supp. 342, 343 (S.D. Tex. 1986); *Squires v. Flying Star Transport, LLC*, No. 1:04–CV–170–C, 2004 WL

6. Plaintiff's case could originally have been filed in this Court. This Court has original jurisdiction over Plaintiff's FLSA cause of action pursuant to 28 U.S.C. § 1331. Additionally, this Court has jurisdiction over Plaintiff's remaining common law causes of action under 28 U.S.C. § 1367 as they are so related to claims in the action within the Court's original jurisdiction that they form a part of the same case or controversy. 28 U.S.C. § 1367(a). Therefore, because the dispute presents a federal question and the Court has original and/or supplemental jurisdiction over each of Plaintiff's claims, this Court has subject matter jurisdiction over the entire action.

7. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because ADW received Plaintiff's Original Petition on or about July 22, 2014, and the Notice of Removal is filed within 30 days (August 21, 2014) of receipt of Plaintiff's Original Petition and within one year of the commencement of the action.

## IV.
## ADDITIONAL PROCEDURAL MATTERS

8. The Dallas County District Court is located within the Northern District of Texas, Dallas Division. Therefore, pursuant to 28 U.S.C. § 1441(a), venue is proper in this Court.

9. Pursuant to Local Rule LR 81.1(a), this Notice of Removal is accompanied by and/or filed concurrently with the following documents:

    a) a completed civil cover sheet;

    b) a supplemental civil cover sheet;

    c) a separately signed Certificate of Interested Persons (ECF No. 2);

---

1836202, at *2 n.1 (N.D. Tex. Aug. 17, 2004) (J. Cummings) (citing *Breuer*, 538 U.S. 691); *Collins v. Horizon Training Centers, L.P.*, No. 3:02-cv-1310, 2002 WL 31305105, at *2 (N.D. Tex. Oct. 10, 2002) (J. Lindsay).

    d) a copy of the docket sheet in the state court action;[3]

    e) an index of all documents that clearly identifies each document and indicates the date the document was filed in state court;[4]

    f) each document filed in the state court action;[5] and

    g) a Notice of Related Case filed promptly after this Notice of Removal (ECF No. 3).

10. Plaintiff has not named any other defendants in this lawsuit, and therefore there is no need to obtain the consent of any other defendants.

11. No previous application has been made for the relief requested herein.

12. Promptly after filing of this Notice of Removal, ADW will provide written notification to Plaintiff of this Notice of Removal, and will also file a separate Notice of Removal in the State Court Proceedings attaching a copy of this Notice of Removal.

## V.
## PRAYER

For the foregoing reasons, Defendant ADW, Inc. prays that the U.S. District Court for the Northern District of Texas, Dallas Division, accepts this Notice of Removal, that this Court assume jurisdiction of this case, that this Court issue such further orders and processes as may be necessary to bring before it all parties necessary for trial hereof, that Plaintiff take nothing by way of his suit against ADW, Inc., and for all other relief, at law or in equity, to which Defendant ADW, Inc. may be entitled.

---

[3] A true and correct copy of the docket sheet for Cause No. DC-14-02471 now pending in the 95th Judicial District Court of Dallas County, Texas is attached hereto as **EXHIBIT 1**.

[4] The index of all documents filed in state court is attached hereto as **EXHIBIT 2**.

[5] A true and correct copy of each document filed in the state court action is attached hereto as **EXHIBITS 2-1** to **2-6**.

Dated: August 13, 2014         Respectfully submitted,

*/s/ John R. Herring*
   Norlynn B. Price
   State Bar No.  02499050
   norlynn.price@nortonrosefulbright.com
   Danielle Alexis Clarkson
   State Bar No.  24027915
   danielle.alexis.clarkson@nortonrosefulbright.com
   John R. Herring
   State Bar No.  24065410
   john.herring@nortonrosefulbright.com
   Jordan Campbell
   State Bar No.  24087251
   jordan.campbell@nortonrosefulbright.com

2200 Ross Avenue, Suite 2800
Dallas, TX  75201-2784
Telephone:     (214) 855-8000
Facsimile:     (214) 855-8200

*Counsel for Defendant ADW, Inc.*

**CERTIFICATE OF SERVICE**

This pleading, Defendant ADW, Inc.'s *Notice of Removal*, was served in compliance with Rule 5 of the Federal Rules of Civil Procedure by Certified Mail, Return Receipt Requested, on August 13, 2014:

Efrain Areizaga, *Pro Se*
2730 Oak Tree Drive, No. 2108
Carrollton, TExas 75006
Phone: (974) 878-3827
Email: areizaga@mail.com

         */s/ John R. Herring*
            John R. Herring