IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| Efrain Areizaga, | § |  |
|---|---|---|
|  | § |  |
| *Plaintiff*, | § |  |
|  | § |  |
| v. | § | Civil Action No. 3:14-cv-2899 |
|  | § |  |
| ADW Corporation, | § |  |
|  | § |  |
| *Defendant*. | § |  |
|  | § |  |

## INDEX OF STATE COURT FILINGS

Cause No. DC-15-07241; *Efrain Areizaga v. ADW Corporation*,
in the 95th Judicial District Court of Dallas County, Texas

|  | **Date** | **Description** |
|---|---|---|
| 1. | July 9, 2014 | Request for Issuance of Citation |
| 2. | July 9, 2014 | Plaintiff's Original Petition |
| 3. | July 9, 2014 | Case Filing Cover Sheet |
| 4. | July 17, 2014 | Note-Administrator (DWOP Notice) |
| 5. | July 30, 2014 | ADW Corporation – Citation |
| 6. | August 28, 2014 | Note-Administrator (DWOP Notice) |



# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**ADW CORPORATION**
**SERVE REGISTERED AGENT MARK SACRA**
**5821 BEVERLY HILL**
**HOUSTON TX 77057**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **95th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **EFRAIN AREIZAGA**

Filed in said Court **9th day of July, 2014** against

**ADW CORPORATION**

For Suit, said suit being numbered **DC-14-07241**, the nature of which demand is as follows:
Suit on **OTHER CONTRACT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 9th day of July, 2014.

ATTEST: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
ANGELICA HERNANDEZ

---

**ATTY**

# CITATION

**DC-14-07241**

**EFRAIN AREIZAGA**
vs.
**ADW CORPORATION**

ISSUED THIS
**9th day of July, 2014**

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By: ANGELICA HERNANDEZ, Deputy

**Attorney for Plaintiff**
EFRAIN AREIZAGA
PRO SE
2730 OAK TREE DR UNIT 2108
CARROLLTON TX 75006
974-878-3827

DALLAS COUNTY CONSTABLE
FEES PAID
FEES NOT PAID

**EXHIBIT 2-1**

# OFFICER'S RETURN

Case No. : DC-14-07241

Court No.95th District Court

Style: EFRAIN AREIZAGA

vs.

ADW CORPORATION

Came to hand on the _____ day of _____, 20____, at _____ o'clock ____.M. Executed at _____ within the County of _____ at _____ o'clock ____.M. on the _____ day of _____ 20____, by delivering to the within named _____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

For serving Citation $ _____

For mileage $ _____ of _____ County,

For Notary $ _____ By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20____,

to certify which witness my hand and seal of office.

_____
Notary Public _____ County

**EXHIBIT 2-1**

JUL - 9 2014    SCANNED ORIGINAL

CAUSE NO. 14-07241

| | | |
|---|---|---|
| **EFRAIN AREIZAGA,** | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § | DALLAS COUNTY, TEXAS |
| **ADW Corporation.** | § § § | |
| Defendant. | § § | 95th JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

Plaintiff Efrain Areizaga brings this action against Defendant ADW, Inc. (in its assumed or common name). Fair notice and intent to sue ADW Corp. was given to defendant prior to the filing of this suit pursuant to rule §2.3 of the Texas Rules of Civil Procedures. The causes of action and summary of claims relating thereto are addressed below:

### I. DISCOVERY CONTROL PLAN AND RELIEF

1. At this time, Plaintiff requests that discovery be conducted under Level III.

2. Plaintiff requests that this matter be placed on the non-expedited discovery docket as Plaintiff seeks monetary relief in excess of $200,000.00 but less than $1,000,000.00.

### II. PARTIES, JURISDICTION AND VENUE

3. Plaintiff Efrain Areizaga ("Plaintiff" or "Areizaga") is currently a citizen and resident of Dallas County in the State of Texas. In the three-year period preceding the filing of this action, Plaintiff was employed by Defendant within the meaning of the Fair Labor Standards Act, 29 U.S.C § 201 *et. seq.* ("FLSA"). At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

EXHIBIT 2-2

4. Defendant ADW, Inc. ("ADW" or "Defendant"), is a Texas Corporation authorized to do and is doing business in Texas. Defendant is engaged in commerce or the production of goods for commerce within the meaning of the FLSA, and is obligated to ensure that all employees are paid in accordance with the FLSA. Defendant can be served with process through its registered agent, Mark Sacra, located at 5821 Beverly Hill, Houston, Texas 77057.

5. This Court has jurisdiction over the claim because state courts have concurrent jurisdiction with federal courts on cases filed under the Fair Labor Standards Act. 29 U.S.C §216(b). In addition, Plaintiff's damages are within the Court's jurisdictional limits.

6. Venue is proper in this Court pursuant to Texas Civil Practice and Remedies Code §15.002(a), because most of the actions giving rise to the lawsuit occurred in Dallas County, Texas.

7. All conditions precedent have been performed or have occurred.

### III. COVERAGE

8. At all material times, ADW has acted, directly or indirectly, in the interest of itself with respect to Mr. Areizaga.

9. At all times hereinafter mentioned, ADW has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, ADW has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, ADW has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaging in commerce or in the production of goods for commerce, or employees handling, selling, or

otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

13. Plaintiff was employed by ADW within the applicable statute of limitations.

### IV.   FACTUAL ALLEGATIONS

14. On or about May 11, 2010 the defendant emailed the plaintiff an attachment with a written employment offer describing the plaintiff's title, duties, responsibilities and compensation package. At the time that the plaintiff received the defendant written employment offer the plaintiff was a resident of Tampa, Florida.

15. Plaintiff was an estimating manager while employed by Defendant. His primary job duties included, but were not limited to: downloading plans, scheduling, performing take-offs of manufacturer's products utilizing Onscreen Takeoff Software, pricing manufacturer's products utilizing manufacturer's pricing software, insuring the delivery of quotes prepared by the Quote Department, calendaring deadlines and on occasions perform inside sales. The work Plaintiff did was routine and did not require the exercise of independent judgment or discretion. Plaintiff did not manage two or more full-time employees. Plaintiff's job did not require an advance degree in the field of science or learning. Likewise, Plaintiff did not make outside sales.

16. During the plaintiff's employment the defendant provide the plaintiff with the capabilities to work from home via a virtual private network and emails delivered to plaintiff's smart phone via the defendant's exchange server.

17. Plaintiff regularly worked in excess of 40 hours a week.

18. Defendant did not pay Plaintiff time-and-one-half his regular rate of pay for the hours that he worked over 40 hours per week. Instead, Plaintiff was paid the same salary, regardless of how many hours he worked. In short, Plaintiff was misclassified as exempt.

19. Defendant knowingly, willfully, and/or with reckless disregard carried out its illegal pattern and/or practice of failing to pay overtime compensation with respect to Plaintiff.

20. In addition, Defendant failed to compensate all monies earned during his employment. According to parties' employment agreement, Plaintiff was to be compensated commissions in addition to a salary. The agreement specifically states, "[i]n addition to the salary above you will earn 10% gross profit generate on orders you secured as a result of inside sales calls that you handle." To date, Defendant has not paid Plaintiff all commissions earned.

### V. CAUSES OF ACTION

#### A. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

21. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 20 as if fully stated herein.

22. During the relevant period, Defendant violated the provisions of Sections 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours, without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates

EXHIBIT 2-2

for which they were employed. Defendant acted willfully by failing to pay Plaintiff in accordance with the law.

### B. BREACH OF CONTRACT

23. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 20 as if fully stated herein.

24. Plaintiff entered into a valid, enforceable contract with Defendant on or about May 11, 2010 to work for Defendant as an estimating manager as specified in Plaintiff's contractual employment agreement.

25. Plaintiff performed his contractual obligations.

26. Defendant breached the contract by failing to pay Plaintiff earned commissions and failing to provide plaintiff inside sales calls as specified in the Plaintiff's employment contractual agreement.

27. Defendant's breaches caused Plaintiff injury.

### C. QUANTUM MERUIT

28. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 20 as if fully stated herein.

29. Plaintiff provided valuable services to Defendant by working as an estimating manager and made inside sales for Defendant.

30. Defendant accepted these services.

31. Defendant had reasonable notice that Plaintiff expected compensation for the services and expected the opportunity to make commissions from inside sales calls as specified in the Plaintiff's employment agreement.

32. Defendant failed to compensate Plaintiff for commissions earned.

## D. PROMISSORY ESTOPPEL

33. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 20 as if fully stated herein.

34. Defendant made a promise to Plaintiff to pay commissions earned and promised to provide Plaintiff the opportunity to make commission from inside sales calls in exchange for Defendant's performance as an estimating manager as specified in the Plaintiff's employment agreement.

35. Plaintiff reasonably and substantially relied on this promise to his detriment by performing work for Defendant.

36. Plaintiff's reliance was foreseeable by Defendant.

37. Injustice can only be avoided by enforcing Defendant's promise to Plaintiff.

## E. FRAUDULENT INDUCEMENT

38. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 20 as if fully stated herein.

39. Plaintiff entered into a valid, enforceable contract with Defendant on or about May 11, 2010 to work for Defendant as an estimating manager as specified in Plaintiff's employment contractual agreement.

40. The Defendant made material representations in Plaintiff's employment contractual agreement.

41. The representations were material and false.

42. When the Defendant made the representations, the Defendant knew that the representations were false or made the representations recklessly, as a positive assertion and without knowledge of its truth.

43. The Defendant made the representations with the intent that the plaintiff act on it.

44. The Plaintiff relied on the representations.

45. Defendant's false representations directly and proximately caused injury to Plaintiff which resulted in the following damages; loss of commissions for Defendant's refusal to provide Plaintiff with inside sales calls and loss of income for non-paid overtime wages for 3 years of employment.

46. Plaintiff seeks damages within the jurisdictional limits of this court.

47. Plaintiff's injury resulted from defendant's actual fraud or malice which entitles Plaintiff to exemplary damages under Texas Civil Practice and Remedies Code section 41.003(a).

## F. FRADULENT MISREPRESENTATION

48. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 20 as if fully stated herein.

49. Plaintiff realleges and incorporates the allegations contained in Paragraphs 40 through 47 as if fully stated herein.

## G. NEGLIGENT MISREPRESENTATION

50. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 20 as if fully stated herein.

51. The Defendant made representations to the Plaintiff in the course of the Defendant's business or in a transaction in which the defendant had an interest, as specified in Plaintiff's employment agreement.

52. The Defendant supplied the false information for the guidance of others.

**EXHIBIT 2-2**

53. The Defendant did not exercise reasonable care or competence in obtaining or communicating this information.

54. The Plaintiff justifiably relied on the representations.

55. The Defendant's negligent misrepresentations proximately caused the plaintiff's injury which resulted in the following damages; loss of commissions for Defendant's refusal to provide Plaintiff with inside sales calls and loss of income for non-paid overtime wages for 3 years of employment.

56. Plaintiff seeks damages within the jurisdictional limits of this court.

57. Plaintiff's injury resulted from defendant's gross negligence which entitles Plaintiff to exemplary damages under Texas Civil Practice and Remedies Code section 41.003(a).

## VI.   JURY DEMAND

58. Plaintiff requests trial by jury.

## VII. REQUESTS FOR DISCLOSURE TO DEFENDANT

59. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose to Plaintiff, within fifty (50) days of service of this request, the information or material described in Rule 194.2 (a) - (k), to be produced to the plaintiff located at 2730 Oak Tree Drive, Unit #2108, Carrollton, Texas 75006.

## VIII.   PRAYER

60. WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

    a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

**EXHIBIT 2-2**

b. For an Order finding the defendant's conduct to be willful and grant the Plaintiff a 3 year extension of the statues of limitations pursuant to 29 U.S.C. §§255(a) of the FLSA;

c. For an Order awarding Plaintiff actual damages;

d. For an Order awarding reliance damages;

e. For an Order awarding expectation damages;

f. For an Order awarding direct and consequential damages;

g. For an Order awarding exemplary/punitive damages;

h. For an Order awarding Plaintiff the costs of this action;

i. For an Order awarding Plaintiff attorney's fees;

j. For an Order awarding Plaintiff expert witness fees;

k. For and Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

l. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,
Efrain Areizaga, *Pro Se*

By: _____

**Efrain Areizaga,** *Pro Se*
2730 Oak Tree Drive, Unit# 2108
Carrollton, TX 75006
Telephone: (974) 878-3827
areizaga@mail.com

# CIVIL CASE INFORMATION SHEET   SCANNED

**CAUSE NUMBER** *(FOR CLERK USE ONLY):* 14-07241     **COURT** *(FOR CLERK USE ONLY):* 95th

**STYLED** _____
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

Name: EFRAIN AREIZAGA
Email: AREIZAGA@email.com
Address: 2730 OAK TREE DR. APT. # 2108
Telephone: 972-878-3827
City/State/Zip: CARROLLTON, TX 75006
Fax: N/A
Signature: [signed]
State Bar No: N/A

**Names of parties in case:**
Plaintiff(s)/Petitioner(s): EFRAIN AREIZAGA
Defendant(s)/Respondent(s): ADW CORP.

[Attach additional page as necessary to list all parties]

**Person or entity completing sheet is:**
☐ Attorney for Plaintiff/Petitioner
☒ Pro Se Plaintiff/Petitioner
☐ Title IV-D Agency
☐ Other: _____

Additional Parties in Child Support Case:
Custodial Parent:
Non-Custodial Parent:
Presumed Father:

FILED 2014 JUL -9 AM 11:56 GARY FITZSIMMONS DISTRICT CLERK DALLAS TEXAS DEPUTY

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

**Contract** — *Debt/Contract*
☐ Consumer/DTPA
☐ Debt/Contract
☐ Fraud/Misrepresentation
☐ Other Debt/Contract: ____

*Foreclosure*
☐ Home Equity—Expedited
☐ Other Foreclosure
☐ Franchise
☐ Insurance
☐ Landlord/Tenant
☐ Non-Competition
☐ Partnership
☐ Other Contract: ____

**Injury or Damage**
☐ Assault/Battery
☐ Construction
☐ Defamation
*Malpractice*
☐ Accounting
☐ Legal
☐ Medical
☐ Other Professional Liability: ____
☐ Motor Vehicle Accident
☐ Premises
*Product Liability*
☐ Asbestos/Silica
☐ Other Product Liability List Product: ____
☐ Other Injury or Damage: ____

**Real Property**
☐ Eminent Domain/Condemnation
☐ Partition
☐ Quiet Title
☐ Trespass to Try Title
☐ Other Property: ____

**Related to Criminal Matters**
☐ Expunction
☐ Judgment Nisi
☐ Non-Disclosure
☐ Seizure/Forfeiture
☐ Writ of Habeas Corpus—Pre-indictment
☐ Other: ____

### Family Law

**Marriage Relationship**
☐ Annulment
☐ Declare Marriage Void
*Divorce*
☐ With Children
☐ No Children

**Other Family Law**
☐ Enforce Foreign Judgment
☐ Habeas Corpus
☐ Name Change
☐ Protective Order
☐ Removal of Disabilities of Minority
☐ Other: ____

**Post-judgment Actions (non-Title IV-D)**
☐ Enforcement
☐ Modification—Custody
☐ Modification—Other

**Title IV-D**
☐ Enforcement/Modification
☐ Paternity
☐ Reciprocals (UIFSA)
☐ Support Order

**Parent-Child Relationship**
☐ Adoption/Adoption with Termination
☐ Child Protection
☐ Child Support
☐ Custody or Visitation
☐ Gestational Parenting
☐ Grandparent Access
☐ Parentage/Paternity
☐ Termination of Parental Rights
☐ Other Parent-Child: ____

### Employment
☐ Discrimination
☐ Retaliation
☐ Termination
☐ Workers' Compensation
☒ Other Employment: OVERTIME WAGES FLSA

### Other Civil
☐ Administrative Appeal
☐ Antitrust/Unfair Competition
☐ Code Violations
☐ Foreign Judgment
☐ Intellectual Property
☐ Lawyer Discipline
☐ Perpetuate Testimony
☐ Securities/Stock
☐ Tortious Interference
☐ Other: ____

### Tax
☐ Tax Appraisal
☐ Tax Delinquency
☐ Other Tax

### Probate & Mental Health
*Probate/Wills/Intestate Administration*
☐ Dependent Administration
☐ Independent Administration
☐ Other Estate Proceedings
☐ Guardianship—Adult
☐ Guardianship—Minor
☐ Mental Health
☐ Other: ____

## 3. Indicate procedure or remedy, if applicable (may select more than 1):
☐ Appeal from Municipal or Justice Court
☐ Arbitration-related
☐ Attachment
☐ Bill of Review
☐ Certiorari
☐ Class Action
☐ Declaratory Judgment
☐ Garnishment
☐ Interpleader
☐ License
☐ Mandamus
☐ Post-judgment
☐ Prejudgment Remedy
☐ Protective Order
☐ Receiver
☐ Sequestration
☐ Temporary Restraining Order/Injunction
☐ Turnover

## 4. Indicate damages sought (do not select if it is a family law case):
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

**EXHIBIT 2-3**



**KEN MOLBERG**
JUDGE, 95TH DISTRICT COURT
GEORGE L. ALLEN, SR. COURTS BUILDING
600 COMMERCE STREET, 6TH FLOOR
DALLAS, TEXAS 75202-4604

July 17, 2014

EFRAIN AREIZAGA
2730 OAK TREE DR UNIT 2108
CARROLLTON TX 75006

Re:   DC-14-07241-D;
      *EFRAIN AREIZAGA vs.*
      *ADW CORPORATION*

## NOTICE OF HEARING

The above-referenced cause is set for dismissal for want of prosecution on:

**August 28, 2014, at 8:30 a.m.**

in the 95th District Court, Dallas County, Texas.

If you have not perfected service on all parties prior to the dismissal date **you must appear the dismissal hearing.** During the hearing you will have the opportunity to show good cause for maintaining the case on the docket. **At the dismissal hearing the court shall dismiss for want of prosecution unless there is a showing of good cause.**

If you have perfected service and no answer has been timely filed, you must have moved for or have proved up a default judgment on or prior to the above date. Failure to do so prior to the dismissal hearing will result in the dismissal of the case on the above date, time and place. **Failure to appear at this hearing shall result in dismissal of this case for want of prosecution.**

Please contact the 95th District Court Administrator, Karin Alonzo, at (214) 653-6361, with any questions. Thank you for your cooperation with our efforts to better manage the docket of this Court.

**Due to the high volume of cases set of the dismissal docket, the Court requests that you call no earlier than one week prior to the above setting to report the status of this cause.**

_____
Ken Molberg
Judge, 95th Judicial District Court

**EXHIBIT 2-4**

FILED
DALLAS COUNTY
7/30/2014 12:04:25 PM
GARY FITZSIMMONS
DISTRICT CLERK

Dianne Coffey

CAUSE NO. DC-14-07241

| | | |
|---|---|---|
| EFRAIN AREIZAGA, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | DALLAS COUNTY, TEXAS |
| | § | |
| ADW CORPORATION, | § | |
| | § | |
| Defendant. | § | 95TH JUDICIAL DISTRICT |

## AFFIDAVIT OF SERVICE

On this day personally appeared **William J Kesman** who, being by me duly sworn, deposed and said:

"The following came to hand on **July 11, 2014, 3:40 PM,**

**CITATION
PLAINTIFF'S ORIGINAL PETITION,**

and was executed at **5821 BEVERLY HILL ST., HOUSTON, TX 77057** within the County of **HARRIS** at **04:18 PM** on **July 28, 2014,** by delivering a true copy to the within named

**ADW CORPORATION BY DELIVERING TO ITS REGISTERED AGENT MARK SACRA,**

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

William J Kesman
SCH 9872 EXP. 8/31/2015
Harris County, Texas

BEFORE ME, a Notary Public, on this day personally appeared **William J Kesman**, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

**SUBSCRIBED AND SWORN TO ME ON JULY 29, 2014**

Notary Public, State of Texas

SHERILYN S. KESMAN
My Commission Expires
June 7, 2017

**EXHIBIT 2-5**

FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:
    ADW CORPORATION
    SERVE REGISTERED AGENT MARK SACRA
    5821 BEVERLY HILL
    HOUSTON TX 77057

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **95th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **EFRAIN AREIZAGA**

Filed in said Court **9th day of July, 2014** against

**ADW CORPORATION**

For Suit, said suit being numbered **DC-14-07241**, the nature of which demand is as follows:
Suit on **OTHER CONTRACT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**,
a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 9th day of July, 2014.

ATTEST: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County, Texas

By__________, Deputy
      ANGELICA HERNANDEZ



# AFFIDAVIT ATTACHED

---

ATTY
## CITATION

DC-14-07241

**EFRAIN AREIZAGA**
vs.
**ADW CORPORATION**

ISSUED THIS
**9th day of July, 2014**

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By: ANGELICA HERNANDEZ, Deputy

**Attorney for Plaintiff**
EFRAIN AREIZAGA
PRO SE
2730 OAK TREE DR UNIT 2108
CARROLLTON TX 75006
974-878-3827

DALLAS COUNTY CONSTABLE
  FEES      FEES NOT
  PAID       PAID

**EXHIBIT 2-5**

# OFFICER'S RETURN

Case No. : DC-14-07241

Court No.95th District Court

Style: EFRAIN AREIZAGA

vs.

ADW CORPORATION

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,
within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,
20_____, by delivering to the within named _____
_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of_____, 20_____,
to certify which witness my hand and seal of office.

**AFFIDAVIT ATTACHED**

Notary Public_____County_____

EXHIBIT 2-5



**KEN MOLBERG**
JUDGE, 95TH DISTRICT COURT
GEORGE L. ALLEN, SR. COURTS BUILDING
600 COMMERCE STREET, 6TH FLOOR
DALLAS, TEXAS 75202-4604

July 17, 2014

EFRAIN AREIZAGA
2730 OAK TREE DR UNIT 2108
CARROLLTON TX 75006

Re:   DC-14-07241-D;
      *EFRAIN AREIZAGA vs.*
      *ADW CORPORATION*

## NOTICE OF HEARING

The above-referenced cause is set for dismissal for want of prosecution on:

**August 28, 2014, at 8:30 a.m.**

in the 95th District Court, Dallas County, Texas.

If you have not perfected service on all parties prior to the dismissal date **you must appear the dismissal hearing.** During the hearing you will have the opportunity to show good cause for maintaining the case on the docket. **At the dismissal hearing the court shall dismiss for want of prosecution unless there is a showing of good cause.**

If you have perfected service and no answer has been timely filed, you must have moved for or have proved up a default judgment on or prior to the above date. Failure to do so prior to the dismissal hearing will result in the dismissal of the case on the above date, time and place. **Failure to appear at this hearing shall result in dismissal of this case for want of prosecution.**

Please contact the 95th District Court Administrator, Karin Alonzo, at (214) 653-6361, with any questions. Thank you for your cooperation with our efforts to better manage the docket of this Court.

**Due to the high volume of cases set of the dismissal docket, the Court requests that you call no earlier than one week prior to the above setting to report the status of this cause.**

Ken Molberg
Judge, 95th Judicial District Court

**EXHIBIT 2-6**