IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

EFRAIN AREIZAGA,                    §
                                   §
            Plaintiff,             §
                                   §
V.                                 §          No. 3:14-cv-2899-P
                                   §
ADW CORPORATION,                   §
                                   §
            Defendant.             §

## <u>MEMORANDUM OPINION AND ORDER</u>

Defendant ADW Corporation ("Defendant" or "ADW") has filed a Motion to Compel Written Discovery Responses and Production of Documents (the "MTC"), requesting that the Court enter an order compelling Plaintiff Efrain Areizaga ("Areizaga" or "Plaintiff") to respond to ADW's First Set of Interrogatories and produce all responsive documents and things requested in ADW's First Requests for Production. *See* Dkt. No. 54. Chief Judge Jorge A. Solis referred the MTC to the undersigned United States magistrate judge for determination. *See* Dkt. No. 56.

Plaintiff then filed a Second Motion for a Protective Order (the "MPO"), requesting that the Court enter a protective order prohibiting Defendant's requests for production and interrogatories or, alternatively, withholding adjudication of Plaintiff's MPO until Plaintiff's petition for writ of mandamus to the United States Court of Appeals for the Fifth Circuit has been finally decided. *See* Dkt. No. 60. Chief Judge Solis also referred the MPO to the undersigned for determination. *See* Dkt. No. 61.

After responses were filed to each motion, and Defendant filed a reply in support of its MTC, and Plaintiff then moved to strike certain filings and then withdrew that motion to strike, *see* Dkt. Nos. 59, 65, 66, 70, 71, 72, & 75, both the MTC and MPO are ripe for decision.

For the reasons and to the extent explained below, the Court GRANTS in part and DENIES in part Defendant's Motion to Compel Written Discovery Responses and Production of Documents [Dkt. No. 54] and GRANTS in part and DENIES in part Plaintiff's Second Motion for a Protective Order [Dkt. No. 60].

## Background

The Court has previously summarized the background and allegations in this case:

> Areizaga is a former employee of ADW. He filed this suit bringing claims for unpaid wages and overtime under the Fair Labor Standards Act ("FLSA"), as well as claims of breach of contract, quantum meruit, promissory estoppel, fraudulent inducement, fraudulent misrepresentation, and negligent misrepresentation. See doc. 9. In a previous order, this Court dismissed all claims except the FLSA claims and breach of contract claim based on the alleged unpaid commission for the Winco sale. Doc. 33 at 8. Shortly after issuing its order on dismissing certain claims, the Court issued another order denying several miscellaneous motions. Doc. 34. Areizaga filed a motion for reconsideration asking the Court to reconsider both of these orders to correct fundamental errors of law. Doc. 36. This motion for reconsideration was denied. Doc. 43.

Dkt. No. 57 at 1-2.

In its MTC, Defendant contends that, "[a]part from the allegations contained in Plaintiff's Amended Complaint [ECF No. 9], ADW has been unsuccessful in its attempts to gain any substantive information regarding the factual and legal bases for

Plaintiff's lawsuit. Instead, ADW has been forced to expend substantial resources on countless futile legal filings submitted by Plaintiff to this Court as well as the U.S. Fifth Circuit Court of Appeals." Dkt. No. 54 at 1. Defendant explains that, "[o]n July 24, 2015, ADW served Plaintiff with its First Set of Interrogatories and First Requests for Production"; "[t]o date, Plaintiff has not provided a substantive response to a single interrogatory and has not produced a single page of documentation in this litigation"; that, "[a]lthough Plaintiff has not communicated the specific basis of any objections asserted to written discovery, Plaintiff has asserted generic, boilerplate objections to simple questions such as: List and describe your job duties and responsibilities during your employment at; Identify all facts and/or data that you believe support your contention that you worked more than forty (40) hours as an ADW employee during one or more workweeks; Identify any complaint(s) or other demand(s) you have made upon any employer concerning the method or amount of your pay." *Id.* at 2 (footnotes omitted).

Defendant reports that "Plaintiff refuses to participate in discovery, instead filing the two motions at issue for purposes of ADW's Motion to Compel: Plaintiff's Emergency Motion for Stay of All Proceedings [ECF No. 41] and Emergency Motion for a Protective Order [ECF No. 42] (collectively, 'Plaintiff's Motions'), filed on August 14, 2015"; that, "[w]ith these motions, Plaintiff seeks to avoid responding to any written discovery requests in this lawsuit"; that "[t]his Court denied Plaintiff's Motions on August 17, 2015 [ECF No. 43]"; that, "on December 16, 2015, the U.S. Court of Appeals

-3-

for the Fifth Circuit also rejected Plaintiff's attempt to appeal this Court's Orders upon which Plaintiff based the above Motions." *Id.* at 2-3 (footnotes omitted).

Defendant explains that, "[f]ollowing this Court's Order denying Plaintiff's Motions, ADW began attempts to cooperate with Plaintiff on a timeline to receive discovery responses and documents from Plaintiff: On August 28, 2015, ADW requested that Plaintiff provide written discovery responses, and voluntarily extended Plaintiff's deadline to September 10, 2015. On December 17, 2015, after the Fifth Circuit rejected Plaintiff's attempted appeal, ADW again requested that Plaintiff provide written discovery responses, and again voluntarily extended Plaintiff's deadline to December 31, 2015." *Id.* at 3 (footnotes omitted).

Defendant contends that, "to date, Plaintiff has not provided any substantive responses to ADW's written discovery requests and has not produced any documents." *Id.* at 3 (footnote omitted). According to Defendant, "Plaintiff's course of filing numerous, general objections with the Court, but otherwise refusing to provide any responsive information or documents, is not permitted under the Federal Rules of Civil Procedure," and, "[t]herefore, the Court should order Plaintiff to properly respond to ADW's written discovery requests." *Id.* at 4.

In response to the MTC and in support of his MPO, Plaintiff does not dispute that he has not provided any substantive responses to ADW's written discovery requests and has not produced any documents but asserts that he should not be required to do so because he has filed a mandamus petition as to the Court's denial of his motion to strike Defendant's answers and denial of Plaintiff's first motion for a

protective order and because "Defendant and defendant's attorney continue to litigate in bad faith by engaging in abusive litigation by attempting to force the plaintiff to produce records of documents and [electronically stored information ("ESI")] that are already in the possession, custody and control of the defendant, and by forcing the plaintiff to answer questions that have already been conclusively admitted by defendant." Dkt. No. 59 at 1-2; Dkt. No. 60 at 1-2.

Plaintiff also asserts that Defendant's document requests were "served for an improper purpose by attempting to collect documents and information of issues already admitted and un-disputed, documents in defendant's control and possession that may be used to impeach the defendant and which are protected by work product immunity since the plaintiff is representing himself." Dkt. No. 60 at 2. Plaintiff further contends that Defendant's "interrogatories are improperly used to open the door to continued litigation by forcing the plaintiff to answer questions that have already been conclusively admitted and undisputed as a matter of law" based on Plaintiff's belief that Defendant failed to timely file its answer and raise its affirmative defenses. *Id.*

In his MPO, Plaintiff also enumerates objections to each interrogatory and request for production. *See* Dkt. No. 60 at 5-14.

## Legal Standards

Federal Rule of Civil Procedure 37(a) governs motions to compel discovery responses. Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production against another party when the latter has failed to produce documents requested under Federal Rule of Civil Procedure 34 or to answer

interrogatories under Federal Rule of Civil Procedure 33. *See* FED. R. CIV. P. 37(a)(3)(B)(iii)-(iv). For purposes of Rule 37(a), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).

Under Federal Rule of Civil Procedure 26(c), the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). "[T]he burden is upon [the party seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l,* 134 F.3d 302, 306 (5th Cir. 1998) (citation omitted). A protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection. *See Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990). The Court has broad discretion in determining whether to grant a motion for a protective order. *See Harris v. Amoco Prod. Co.,* 768 F.2d 669, 684 (5th Cir. 1985). "The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984).

Further, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought ... can be obtained from some other source that is more convenient, less burdensome, or less expensive." FED. R. CIV. P. 26(b)(2)(C)(i).

The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). In response to a Rule 34 request, "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). And, in response to an interrogatory under Rule 33, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath"; "[t]he grounds for objecting to an interrogatory must be stated with specificity"; and "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." FED. R. CIV. P. 33(b)(3)-(4). A party who has objected to a discovery request must, in response to a motion to compel, urge and argue in support of his objection to a request, and, if he does not, he waives the objection. *See Sonnino v. Univ. of Kansas Hosp. Auth.*, 221 F.R.D. 661, 670-71 (D. Kan. 2004).

A party resisting discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005); *see also S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) ("A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request.").

Federal Rules of Civil Procedure Rules 26(b), 26(c), and 34(b) have been amended, effective December 1, 2015. Rule 26(b)(1) now provides that, "[u]nless

-7-

otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1).

And, as amended, Rule 26(c)(1) authorizes protective orders, for good cause shown, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place or allocation of expenses, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; (E) designating the persons who may be present while the discovery is conducted; (F) requiring that a deposition be sealed and opened only on court order; (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs." FED. R. CIV. P. 26(c)(1).

The amendments to Rules 26 and 34 govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, in all proceedings then pending. The Court finds that applying the standards of Rules 26 and 34, as amended, to Plaintiffs' MPO and Defendant's MTC is both just and practicable.

Further, for the reasons the Court has recently explained, the Court concludes that the amendments to Rule 26 do not alter the burdens imposed on the party resisting discovery discussed above. *See Carr v. State Farm Mutual Automobile Insurance Company*, 312 F.R.D. 459, 463-69 (N.D. Tex. 2015). Rather, just as was the case before the December 1, 2015 amendments, under Rules 26(b)(1) and 26(b)(2)(C)(iii), a court can – and must – limit proposed discovery that it determines is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit – and the court must do so even in the absence of a motion. *See Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011).

But a party seeking to resist discovery on these grounds still bears the burden of making a specific objection and showing that the discovery fails the proportionality calculation mandated by Rule 26(b) by coming forward with specific information to address – insofar as that information is available to it – the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The party seeking discovery, to prevail on a motion to compel or resist a motion for protective order, may well need to make its own showing of many or all of the proportionality factors, including the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues, in opposition to the resisting party's showing.

And the party seeking discovery is required to comply with Rule 26(b)(1)'s proportionality limits on discovery requests; is subject to Rule 26(g)(1)'s requirement to certify "that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry: ... (B) with respect to a discovery request..., it is: (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action"; and faces Rule 26(g)(3) sanctions "[i]f a certification violates this rule without substantial justification." FED. R. CIV. P. 26(g)(1)(B), 26(g)(3); *see generally Heller v. City of Dallas*, 303 F.R.D. 466, 475-77, 493-95 (N.D. Tex. 2014).

But the amendments to Rule 26(b) and Rule 26(c)(1) do not alter the basic allocation of the burden on the party resisting discovery to – in order to prevail on a motion for protective order or successfully resist a motion to compel – specifically object and show that the requested discovery does not fall within Rule 26(b)(1)'s scope of relevance (as now amended) or that a discovery request would impose an undue burden or expense or is otherwise objectionable. *See McLeod*, 894 F.2d at 1485; *Heller*, 303 F.R.D. at 483-93.

Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," except that "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

Rule 37(a)(5)(B)-(C) further provide in pertinent part that, "[i]f the motion is denied, the court ... must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party ... who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," "[b]ut the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust," and that, "[i]f the motion is granted

in part and denied in part, the court may issue any protective order authorized under

Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable

expenses for the motion." FED. R. CIV. P. 37(a)(5)(B)-(C).

And Federal Rule of Civil Procedure 26(c)(3) provides that, in connection with

a motion under Rule 26(c) for a protective order, Federal Rule of Civil Procedure

"37(a)(5) applies to the award of expenses." FED. R. CIV. P. 26(c)(3).

## Analysis

I.   <u>Plaintiff's Mandamus Petition does not Preclude Deciding the MTC or MPO.</u>

Plaintiff's pending mandamus petition does not prevent the Court from resolving

these motions. As the Fifth Circuit has previously explained:

> As a general rule, a perfected appeal from a final judgment or reviewable
> order of a district court does vest jurisdiction in the appellate court and
> terminates the jurisdiction of the district court. This rule does not apply
> to petitions for writ of mandamus.
>      Mandamus petitions request an extraordinary remedy that is only
> appropriate in exceptional circumstances. Moreover, because such
> requests are only granted in exceptional circumstances, the Federal Rules
> of Civil Procedure do not provide for an automatic stay of district court
> proceedings while a petition for writ of mandamus is pending. If the
> district court or the court of appeals finds it appropriate to stay
> proceedings while a petition for mandamus relief is pending, such a stay
> may be granted in the court's discretion. However, absent such a stay, the
> jurisdiction of the district court is not interrupted.

*Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1416 (5th Cir. 1995) (footnote omitted).

Here, although Plaintiff has filed a motion to stay, and then withdrawn it, and

then filed an amended motion to stay, no stay has been granted. *See* Dkt. Nos. 62, 73,

& 75. Accordingly, the Court's jurisdiction is not interrupted; this objection to

Defendant's discovery requests is overruled, and this basis for Plaintiff's MPO is denied.

## II.   Plaintiff's Objections Based on his Rejected Legal Arguments are Overruled.

Plaintiff objects to answering Defendant's interrogatories and producing documents in response to document requests because, he contends, all relevant factual questions are conclusively admitted and undisputed based on Defendant's failure to timely answer.

The Court has repeatedly rejected this position. *See* Dkt. Nos. 34 & 43. Plaintiff's refusal on this basis to answer interrogatories served under Rule 33 or respond to requests for production under Rule 34 is improper and unjustified.

Plaintiff's objections to ADW's Request for Production ("RFP") Nos. 1-8, 10-40, 41 (both instances), and 42-62 and ADW's Interrogatory Nos. 1-16 based on "issues and facts un-disputed as a matter of law" are overruled, and Plaintiff's request for a protective order as to these same discovery requests on the basis of this argument is denied.

## III.   Plaintiff's Other Objections are Overruled in Part.

Plaintiff's repeated objection to certain requests for production that the information that Defendant seeks is "in the custody, possession and control of defendant [or a third party]" or is "easily accessible through other means" is unsupported. Plaintiff is a party – not a third party or stranger to this litigation – and, as a general matter, is a proper source from which Defendant can seek discovery of documents and ESI in the first instance. Plaintiff's conclusory objections provide no

-13-

basis for ADW or the Court to know what responsive documents he has in his possession, custody, or control that he is withholding or that he contends that he should not be required to produce because ADW either already possesses (or has custody of or control over) the document or ESI or can more easily obtain it from another source. And Defendant is entitled to ask interrogatories to ascertain Plaintiff's understanding of his claims and the facts that support them as well as facts that would be most readily known to Plaintiff.

Plaintiff has failed to meet his burden to show, and the Court does not find any basis to rule, that Defendant could obtain the information, documents, and ESI that it seeks from some other source that is more convenient, less burdensome, or less expensive. Plaintiff's objections to ADW's RFP Nos. 1-3, 5-8, 10-16, 18-38, 40, 41 (both instances), 42-44, 46-47, and 54-62 and ADW's Interrogatory Nos. 4-6 and 8-15 based on documents and/or ESI being in "the custody, possession and control of defendant and or easily available by other means" or based on documents and/or ESI being in "the custody, possession and control of a third party" are overruled. Similarly, the Court overrules Plaintiff's objections to certain interrogatories – specifically ADW's Interrogatory Nos. 2, 7-8, 10, and 12 – based on information allegedly being already known by Defendant or easily accessible by other means.

With regard to ADW's Interrogatories, as the Fifth Circuit has observed, "[d]iscovery by interrogatory requires candor in responding.... The candor required is a candid statement of the information sought or of the fact that objection is made to furnishing the information. A partial answer by a party reserving an undisclosed

objection to answering fully is not candid. It is evasive." *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 616-17 (5th Cir. 1977). The fact that an interrogatory calls for a thorough response – one that will take time and effort to answer – does not make it improper. *See Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 307-08 (5th Cir. 1973). Where an interrogatory answer "'as a whole disclose[s] a conscientious endeavor to understand the question[] and to answer fully [that question],'" a party's obligation under Rule 33 is satisfied. *Meltzer/Austin Rest. Corp. v. Benihana Nat'l. Corp.*, No. A-11-cv-542-LY, 2013 WL 2607589, at *3 (W.D. Tex. June 10, 2013) (quoting 8B WRIGHT, MILLER & MARCUS, FED. PRAC. & PROC. § 2177 (3d ed. 2010)). Plaintiff is not required to make an extensive investigation in responding to an interrogatory, but he must pull together a verified answer by reviewing all sources of responsive information reasonably available to him and providing the responsive, relevant facts reasonably available to him. *See* 8B WRIGHT, MILLER & MARCUS, FED. PRAC. & PROC. § 2174 (3d ed. 2013).

ADW's Interrogatory Nos. 14, and 16 are proper "contention interrogatories" that are authorized by Rule 33. Federal Rule of Civil Procedure 33(a)(2) specifically explains that "[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b)" and that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Plaintiff's objections to ADW's Interrogatory Nos. 14, and 16 as calling for a legal conclusion or serving no proper purpose are overruled.

Plaintiff's objections that certain document requests and interrogatories served by ADW are immaterial or irrelevant at this time in the litigation process or constitute

an invasion of plaintiff's privacy are meritless and overruled as to certain requests. As Defendant explains, Plaintiff's chief allegations in this lawsuit are that he has worked thousands of hours of overtime during the course of his employment with ADW and that Plaintiff did not receive certain commissions allegedly owed relating to a customer account. In light of those allegations, requests for employment contracts, tax returns, and certain other documents related to Plaintiff's employment history, related complaints or litigations, and income sources in ADW's RFP Nos. 4, 16, 17, 18, and 62 and ADW Interrogatory Nos. 8, 9, 11, 12, and 13 are relevant to Plaintiff's claims and damages that he seeks and are, the Court finds, proportional to the needs of the case, considering the relevant factors under Rule 26(b)(1). As Defendant asserts, responsive documents will indicate whether it was even possible that Plaintiff could work the amount of time he alleges in this lawsuit and the extent of Plaintiff's alleged damages. Plaintiff's objections to ADW's RFP Nos. 4, 16, 18, and 62 and ADW Interrogatory Nos. 8, 9, 11, 12, and 13 based on relevance, materiality, and/or alleged invasion or privacy or serving no proper purpose are overruled. And ADW's Interrogatory Nos. 1, 4, 5, 6, and 15 are proper questions seeking possible sources of information regarding Plaintiff's claims in this case, and Plaintiff's objections to those interrogatories based on relevance or materiality are overruled.

But, in view of Plaintiff's privacy and confidentiality interests in certain documents sought by ADW (such as tax returns), the Court further ORDERS Plaintiff and counsel for Defendant to negotiate an appropriate confidentiality agreement or protective order to further govern the use and disclosure of Plaintiff's confidential or

sensitive records and information in connection with this case and to, by **April 24, 2016**, submit to the Court an agreed protective order for the Court's consideration or a notice of any confidentiality agreement into which the parties have entered. Prior to the parties' entry into a confidentiality agreement or the Court's entry of a protective order, Defendant's counsel shall not disclose Plaintiff's records and information to anyone outside of Defendant's outside counsel or employees of Defendant's outside counsel working on this case.

But the Court concludes that ADW's Request for Production Nos. 28, 29, 31, and 37 and ADW's Interrogatory Nos. 7 and 10 seek discovery that is not proportional to the needs of the case, where Defendant seeks all of Plaintiff's financial records, telephone and internet service provider bills, bank and credit card statements, and documents and information related to any other litigation or criminal history. Defendant's request for a protective order against production of documents in response to ADW's Request for Production Nos. 28, 29, 31, and 37 and serving an answer to ADW's Interrogatory Nos. 7 and 10 is granted.

IV.   Plaintiff Must Support his Work Product and Privilege Assertions.

Plaintiff objects to nearly every one of ADW's document requests and interrogatories on the basis that the requests violate "work-product immunity" and to certain discovery requests based on attorney-client privilege.

Under Federal Rule of Civil Procedure 26(a)(2)(A), "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." FED. R. CIV. P. 26(a)(2)(A). Under Federal

Rule of Civil Procedure 26(a)(2)(B), "[u]nless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain: (I) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case." FED. R. CIV. P. 26(a)(2)(B).

The federal work product doctrine, as codified by Federal Rule of Civil Procedure 26(b)(3), provides for the qualified protection of documents and tangible things prepared by or for a party or that party's representative "in anticipation of litigation or for trial." The burden is on the party who seeks work product protection to show that the materials at issue were prepared by its representative in anticipation of litigation or for trial. *See Hodges, Grant & Kaufmann v. U.S. Government, Dept. of the Treasury, I.R.S.*, 768 F.2d 719, 721 (5th Cir. 1985). If a party meets its burden and proves that the materials sought warrant work product protection, the party seeking discovery must prove why those materials should still be produced." *S.E.C. v. Brady*, 238 F.R.D. 429, 443 (N.D. Tex. 2006).

Rule 26(b)(3)(B) instructs the court to "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." FED. R. CIV. P. 26(b)(3)(B). Under Federal Rule of Civil Procedure 26(b)(3)(A), a party may only obtain discovery of documents prepared in anticipation of litigation or for trial upon showing that the materials are otherwise discoverable under Federal Rule of Civil Procedure 26(b)(1) and that the party seeking discovery has (1) substantial need of the materials to prepare for his or her case and (2) that the party cannot obtain the substantial equivalent of the materials by other means without undue hardship. *See* FED. R. CIV. P. 26(b)(3)(A).

And the work-product rule accords "special protection to work-product revealing the attorney's mental processes." *Upjohn Co. v. United States*, 449 U.S. 383, 400 (1981). As such, "if the materials sought are opinion work-product then a court may compel discovery only if the party seeking the materials demonstrates a compelling need for the information." *Brady*, 238 F.R.D. at 443; *accord S.E.C. v. Cuban*, No. 3:08-cv-2050-D, 2012 WL 456532, at *2 & n.3 (N.D. Tex. Feb. 10, 2012).

And, "[u]nlike the attorney-client privilege, the burden of proving waiver of work product immunity falls on the party asserting waiver." *Brady*, 238 F.R.D. at 444. But

> [l]ike all privileges, the work product doctrine must be strictly construed. The burden is on the party who seeks work product protection to show that the materials at issue were prepared by its representative in anticipation of litigation or for trial. A general allegation of work product protection is insufficient to meet this burden. Instead, "'a clear showing must be made which sets forth the items or categories objected to and the reasons for that objection.'" The proponent must provide sufficient facts by way of detailed affidavits or

other evidence to enable the court to determine whether the documents constitute work product. Although a privilege log and an *in camera* review of documents may assist the court in conducting its analysis, a party asserting the work product exemption still must provide "a detailed description of the materials in dispute and state specific and precise reasons for their claim of protection from disclosure." In fact, "'resort to *in camera* review is appropriate only *after* the burdened party has submitted detailed affidavits and other evidence to the extent possible.'"

*Orchestrate HR, Inc. v. Trombetta*, No. 3:13-cv-2110-P, 2014 WL 884742, at *2 (N.D.

Tex. Feb. 27, 2014) (citations omitted).

The Court agrees with Defendant that a one-sentence restatement of the allegation that a discovery response would violate work-product protection or attorney-client privilege is not adequate in the face of Federal Rules' directive that interrogatories be answered separately and fully in writing or that assertions of privilege must be expressly asserted, providing sufficient information to evaluate the claim of work-product protection or privilege.

Accordingly, the Court will order that, to support his assertions of work-product protection or attorney-client privilege from providing certain information in an interrogatory answer or withholding certain documents or ESI from production, Plaintiff must describe the withheld information, documents, or ESI by submitting to Defendant's counsel a "privilege log" that complies Federal Rule of Civil Procedure 26(b)(5)(A), which requires that "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced

or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

Plaintiff's objection to ADW's RFP No. 39 based on "privileged communications" is overruled where RFP No. 39 specifies that the request seeks documents "excluding attorney-client privileged communications with legal counsel." Dkt. No. 55 at App. 26.

## V.   Plaintiff Must Address a Possible Rule 37(a)(5) Award of Expenses.

As noted above, Rule 37(a)(5)(A) provides that, if a motion to compel is granted, or if the requested discovery is provided after the motion was filed, "the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," except that "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A). And Rule 37(a)(5)(C) provides that, "[i]f the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." FED. R. CIV. P. 37(a)(5)(C).

The Court will grant Plaintiff until **April 22, 2016** to file a response to this order to explain why the Court should not require Plaintiff to pay Defendant, as required by Rule 37(a)(5) and 26(c)(3), the expenses, including attorneys' fees, that Defendant

incurred in making and briefing its MTC and responding to Plaintiff's MPO – other than as to Request for Production Nos. 28, 29, 31, and 37 in Defendant ADW Corporation's First Requests for Production and Interrogatory Nos. 7 and 10 in Defendant ADW Corporation's First Set of Interrogatories. The Court finds that Defendant attempted in good faith to obtain the discovery at issue without court action before filing its MTC. In the response, Plaintiff should fully explain whether his nondisclosure, responses, or objections at issue were "substantially justified" or whether other circumstances make an award of expenses under Rule 37(a)(5) unjust.

Defendant may file a reply to this response by **May 13, 2016**. The Court defers ruling on any award of expenses under Rules 37(a)(5) and 26(c)(3) pending this briefing.

## Conclusion

For the reasons and to the extent explained above, the Court GRANTS in part and DENIES in part Defendant ADW Corporation's Motion to Compel Written Discovery Responses and Production of Documents [Dkt. No. 54] and GRANTS in part and DENIES in part Plaintiff Efrain Areizaga's Second Motion for a Protective Order [Dkt. No. 60].

As explained above, the Court ORDERS Plaintiff Efrain Areizaga to serve Defendant ADW Corporation's counsel with a "privilege log" in compliance with Federal Rule of Civil Procedure 26(b)(5)(A) by **May 2, 2016**.

The Court further ORDERS Plaintiff Efrain Areizaga to, by **May 2, 2016**, completely and properly answer Interrogatory Nos. 1-6, 8-9, and 11-16 in Defendant

ADW Corporation's First Set of Interrogatories and produce all documents and electronically stored information responsive to Request for Production Nos. 1-8, 10-27, 30, 32-36, 38-40, 41 (both instances), and 42-62 in Defendant ADW Corporation's First Requests for Production, other than as to documents, electronically stored information, or information withheld as work product and or privileged and specifically included and described on Plaintiff's privilege log.

The Court GRANTS Plaintiff's request for a protective order against production of documents in response to Request for Production Nos. 28, 29, 31, and 37 in Defendant ADW Corporation's First Requests for Production and serving an answer to Interrogatory Nos. 7 and 10 in Defendant ADW Corporation's First Set of Interrogatories.

SO ORDERED.

DATED: April 4, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE