IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EFRAIN AREIZAGA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-2899-B |
| | § | |
| ADW CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Defendant ADW Corporation ("Defendant" or "ADW") has filed a Motion for Protective Order (the "MPO") [Dkt. No. 87] and Motion for Sanctions against Plaintiff Efrain Areizaga [Dkt. No. 88] (the "Sanctions Motion"). United States District Judge Jane J. Boyle referred the MPO and the Sanctions Motion to the undersigned United States magistrate judge for hearing, if necessary, and recommendation or determination pursuant to 28 U.S.C. § 636(b). *See* Dkt. No. 89.

For the reasons and to the extent explained below, the Court should deny Defendant's Motion for Protective Order [Dkt. No. 87] and Defendant's Motion for Sanctions against Plaintiff Efrain Areizaga [Dkt. No. 88].

## Background

The Court has previously briefly summarized the background and allegations in this case:

> Areizaga is a former employee of ADW. He filed this suit bringing claims for unpaid wages and overtime under the Fair Labor Standards Act

("FLSA"), as well as claims of breach of contract, quantum meruit, promissory estoppel, fraudulent inducement, fraudulent misrepresentation, and negligent misrepresentation. See doc. 9. In a previous order, this Court dismissed all claims except the FLSA claims and breach of contract claim based on the alleged unpaid commission for the Winco sale. Doc. 33 at 8. Shortly after issuing its order on dismissing certain claims, the Court issued another order denying several miscellaneous motions. Doc. 34. Areizaga filed a motion for reconsideration asking the Court to reconsider both of these orders to correct fundamental errors of law. Doc. 36. This motion for reconsideration was denied. Doc. 43.

Dkt. No. 57 at 1-2.

Defendant also previously filed a Motion to Compel Written Discovery Responses and Production of Documents (the "MTC"), requesting that the Court enter an order compelling Plaintiff Efrain Areizaga ("Areizaga" or "Plaintiff") to respond to ADW's First Set of Interrogatories and produce all responsive documents and things requested in ADW's First Requests for Production. *See* Dkt. No. 54. Plaintiff then filed a Second Motion for a Protective Order, requesting that the Court enter a protective order prohibiting Defendant's requests for production and interrogatories or, alternatively, withholding adjudication of Plaintiff's Second Motion for a Protective Order until Plaintiff's petition for writ of mandamus to the United States Court of Appeals for the Fifth Circuit has been finally decided. *See* Dkt. No. 60.

The Court granted in part and denied in part the MTC and Plaintiff's Second Motion for a Protective Order in an April 4, 2016 Memorandum Opinion and Order. *See* Dkt. No. 77.

-2-

Thereafter, the Fifth Circuit denied Plaintiff's petition for writ of mandamus, and Plaintiff's corresponding motions to stay were likewise denied. *See* Dkt. Nos. 78 & 83.

In the April 4, 2016 Memorandum Opinion and Order, the Court required Plaintiff to (1) fully respond to certain requests in ADW's First Set of Interrogatories and First Requests for Production; (2) produce documents responsive to certain requests in ADW's First Requests for Production; (3) serve ADW's counsel with a privilege log in compliance with Federal Rule of Civil Procedure 26(b)(5)(A); and (4) explain to the Court why it should not require Plaintiff to pay Defendant's attorneys' fees incurred in making and briefing Defendant's MTC and responding to Plaintiff's Second Motion for Protective Order under Federal Rules of Civil Procedure 26(c)(3) and 37(a)(5). *See* Dkt. No. 77 at 22-23.

Plaintiff filed a response to the Memorandum Opinion and Order that appears to object to the Court's proceeding with deciding the MTC and his Second Motion for Protective Order while his mandamus petition was still pending. *See* Dkt. No. 79 at 1-2. But that objection is now moot in light of the denial of the petition and corresponding motions to stay. *See* Dkt. Nos. 78 & 83.

Plaintiff also responded that he should not be required to pay Defendant's fees and incorporated his arguments in his contemporaneously filed Motion for an Order to Show Cause Why Defendant, Defendant's Representative, Defendant's Attorneys & Law Firm Should not be in Indirect Criminal Contempt of Court [Dkt. No. 80] (the "Contempt Motion"). *See* Dkt. No. 79 at 3-4.

-3-

The Court then entered a May 17, 2016 Order on Fed. R. Civ. P. 26(c)(3) and 37(a)(5) Award of Expenses [Dkt. No. 92], finding that Plaintiff has not shown that his positions in opposition to Defendant's MTC or in his own Second Motion for Protective Order were substantially justified or that other circumstances make an award of expenses unjust and, accordingly, pursuant to Rules 26(c)(3) and 37(a)(5), apportioning the reasonable expenses for those motions by requiring Plaintiff to pay Defendant its reasonable attorneys' fees and costs incurred in making and briefing Defendant's MTC and responding to Plaintiff's Second Motion for Protective Order – other than as to Request for Production Nos. 28, 29, 31, and 37 in Defendant ADW Corporation's First Requests for Production and Interrogatory Nos. 7 and 10 in Defendant ADW Corporation's First Set of Interrogatories.

In the meanwhile, Defendant had filed its MPO, asserting that the Court should, pursuant to Federal Rule of Civil Procedure 12(f), issue an order of protection and, in effect, an order striking Plaintiff's Contempt Motion and relieving Defendant from the costs and burdens of preparing a response to Plaintiff's Contempt Motion. *See* Dkt. No. 87. Defendant characterizes Plaintiff's Contempt Motion as a 34-page "filing devoted essentially to criticizing or insulting all involved in this case" and seeking to hold Defendant and its counsel in contempt of court based on several attacks on their character and allegations that ADW and its counsel committed numerous "criminal" acts in simply filing an answer to Plaintiff's Amended Complaint. *Id.* at 2. Defendant explains that the Contempt Motion "includes allegations of criminal conduct, violations of the United States Constitution, and ethical violations." *Id.* Defendant asserts that

its requested relief is appropriate under Rule 12(f) because Plaintiff's Contempt Motion falls under the definition of "scandalous" matters that the Court may strike from the record of these proceedings. Accordingly, Defendant requests that the Court enter an order striking and/or denying Plaintiff's Contempt Motion and relieving Defendant from its obligation to respond to the Contempt Motion.

Defendant contemporaneously filed its Sanctions Motion, invoking Federal Rules of Civil Procedure 11 and 41(b) and asserting that Plaintiff has made repeated, wasteful filings that violate the Federal Rules of Civil Procedure and needlessly increased the costs of this litigation. *See* Dkt. No. 88. Specifically, Defendant "seeks an order dismissing Plaintiff's claims against ADW with prejudice, and awarding ADW the costs and attorneys' fees incurred to prepare responses and other briefing related to Plaintiff's numerous wasteful submissions ..., as well as the fees incurred to prepare the present Motion and Defendant's Motion for Protective Order filed concurrently with this Motion." *Id.* at 1. And, "as appropriate, ADW requests that the Court set this motion for an expedited hearing to require Areizaga to explain his conduct in this litigation to the Court, and that the Court fashion any further appropriate remedy to secure Mr. Areizaga's compliance with the standards of conduct appropriate for this Court." *Id.*

Defendant contends that, "in the nearly twenty-one (21) months and eighty-one (81) docket entries since Plaintiff filed his Original Petition in state court, Defendant has been forced to expend significant resources responding to a battery of frivolous submissions from Mr. Areizaga that lacked merit." *Id.* at 3. And Defendant asserts that

"the procedural road of this case is marked by Areizaga's repeated accusations against the undersigned counsel and law firm, as well as thinly veiled criticisms of the Court." *Id.* at 4. According to Defendant, Plaintiff is, by continuing to file numerous insulting and harassing motions against Defendant and its counsel, causing Defendant to incur significant legal fees.

Defendant argues that the Court has authority to dismiss Plaintiff's lawsuit under Rule 41(b) because Plaintiff is prohibited from utilizing federal district courts as a license to harass others and because Plaintiff is not prosecuting his case and should not be allowed to continue to shield himself from court discipline by virtue of his pro se status. *See id.* at 6.

Defendant further contends that it is entitled under Rules 11(b) and 11(c) to its reasonable and necessary attorneys' fees attributable to Plaintiff's wasteful filings. *See id.* at 7. More specifically, Defendant seeks monetary sanctions under Rule 11 in an amount equal to Defendant's attorneys' fees reasonably incurred while responding to Plaintiff's dilatory motions, but in no event less than $7,500.00 – which Defendant contends is only a fraction of the attorneys' fees that Defendant was forced to devote to Plaintiff's numerous, futile submissions to the Court. *See id.* at 8.

Defendant finally urges the Court to, pursuant to its inherent authority, enter an order granting further appropriate sanctions that will prevent future misconduct, including an order enjoining Plaintiff from, absent leave to do so, filing any future pleadings, motions, or other papers with this Court or the Fifth Circuit arising from the factual or legal allegations in this lawsuit. *See id.* at 8-9.

-6-

In sum, Defendant seeks an order dismissing Plaintiff's lawsuit with prejudice to refiling, granting Defendant's request to impose monetary sanctions on Plaintiff for the reasonable and necessary attorneys' fees incurred responding to Plaintiff's wasteful and dilatory filings, and fashioning whatever additional orders or remedies the Court deems necessary to deter Plaintiff from continuing to engage in such conduct in the future, including without limitation enjoining Plaintiff from filing any further pleadings, motions, or submissions with this Court or the Fifth Circuit Court of Appeals absent leave of court.

Plaintiff has responded to the MPO and Sanctions Motion by defending his litigation conduct and filings to date, reporting that he has filed some responses to Defendant's requests for production following the Court's April 4, 2016 Memorandum Opinion and Order, reasserting his repeatedly rejected position that Defendant failed to timely file its answer and affirmative defenses, and reasserting many of the positions in his Contempt Motion. *See* Dkt. Nos. 95, 96, 97, & 98.

Defendant filed a combined reply in support of its MPO and Sanctions Motion, explaining that Defendant seeks only to emphasize that Plaintiff's response "is exactly the type of conduct for which ADW sought sanctions in the first place," where "Plaintiff's Response is a twenty-six (26) page attempt to re-litigate arguments concerning ADW's answer in this lawsuit" and where "Plaintiff continues to attack the character of the undersigned counsel, including allegations of corruption, fraud, wire fraud, obstruction of justice, various other 'criminal' acts." Dkt. No. 99 at 2 (footnotes

omitted). In its reply, Defendant "respectfully argues that Plaintiff will continue this pattern of conduct absent appropriate sanctions from the Court." *Id.*

On June 6, 2016, the undersigned held a hearing on Defendant's MPO and Sanctions Motion, at which Defendant's counsel and Plaintiff appeared. *See* Dkt. No. 103.

### Legal Standards and Analysis

Rule 12(f) Motion to Strike

Defendant's MPO invokes only Rule 12(f) as a basis to strike Plaintiff's Contempt Motion. But Rule 12(f) only applies to pleadings as defined by Federal Rule of Civil Procedure 7(a). *See, e.g.*, 5C Charles Alan Wright et al., FED. PRAC. & PROC. 1380 & n.8.5 (3d ed. 2012) ("Rule 12(f) motions only may be directed towards pleadings as defined by Rule 7(a); thus motions, affidavits, briefs, and other documents outside of the pleadings are not subject to Rule 12(f)."); *Groden v. Allen*, No. 3:03-cv-1685-D, 2009 WL 1437834, at *3 (N.D. Tex. May 22, 2009) (Rule 12(f) "does not permit the Court to strike motions or matters within them because the rule applies only to pleadings"). Rule 12(f) therefore does not authorize the relief that Defendant seeks.

Outside of Rule 12(f), the Federal Rules of Civil Procedure do not otherwise contemplate motions to strike. And Federal Rule of Civil Procedure 26(c) only authorizes protective orders directed at discovery. *See* FED. R. CIV. P. 26(c)(1) (providing that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending").

Further, "[a]s a general matter, motions to strike are disfavored and disserve the interest of judicial economy." *Cooper v. Dallas Police Ass'n*, No. 3:05-cv-1778-N, 2013 WL 1787564, at *6 (N.D. Tex. Apr. 5, 2013) (citing *Murray v. TXU Corp.*, No. 3:03-cv-888-P, 2005 WL 1313412, at *4 (N.D. Tex. May 27, 2005); *United Steel, Paper & Forestry v. Graphic Packaging Int'l, Inc.*, No. 06-C-1188, 2007 WL 2288069, at *3 (E.D. Wis. Aug.4, 2007)), *rep. & rec. adopted*, 2013 WL 1787563 (N.D. Tex. Apr. 26, 2013).

And, here specifically, "[i]nstead of narrowing the issues and allowing for a more expeditious resolution of the [Contempt Motion], [a] motion[] to strike generate[s] another round of briefs that the court is required to read before it can reach the merits of the underlying dispute." *United Steel*, 2007 WL 2288069, at *3. Indeed, Defendant's MPO, although itself quite short, calls on the Court to review and pass judgment on the content and substance of Plaintiff's lengthy Contempt Motion without a full response by Defendant, all while inviting a response to the MPO that is effectively another brief by Plaintiff in support of his Contempt Motion.

Defendant alternatively asks the Court to deny the Contempt Motion. But Judge Boyle has not referred the Contempt Motion to the undersigned. And, even if the Court had, the Fifth Circuit has observed that "a magistrate judge lacks the power to adjudicate contempt proceedings; pursuant to 28 U.S.C. § 636(e), a magistrate may only certify to the district court (or deny certification of) facts possibly constituting contempt." *Castaneda v. Falcon*, 166 F.3d 799, 801 (5th Cir. 1999) (footnote omitted).

The undersigned respectfully declines to recommend whether Judge Boyle should require a response to the Contempt Motion before deciding how the Court will proceed on that motion.

Rule 11 Sanctions

At the hearing on the Sanctions Motion, Defendant's counsel confirmed what is apparent in the briefing: Defendant did not serve Plaintiff with a copy of the Sanctions Motion prior to filing it.

Under Rule 11(c)(2), a motion for sanctions may not be filed until at least 21 days after service of the motion on the offending party. *See* FED. R. CIV. P. 11(c)(2) ("The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service."). If, during this 21-day period, the alleged violation is withdrawn or appropriately corrected, the motion should not be filed with the court. These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to remedy the improper paper, claim, defense, contention, or denial. *See id.*; *see also Elliott v. Tilton*, 64 F.2d 213, 216 (5th Cir. 1995). And Rule 11's plain language provides that the movant must file with the Court, after the expiration of the safe-harbor period, the motion that was served upon the adversary. *See Hyman v. Borack & Assocs.*, No. 8:12-cv-1088-T-23TGW, 2012 WL 6778491, at *2 (M.D. Fla. Dec. 17, 2012), *rec. adopted*, 2013 WL 68534 (M.D. Fla. Jan. 4, 2013); *see also Roth v. Green*, 466 F.3d 1179, 1192

(10th Cir. 2006) ("[t]he plain language ... requires a copy of the actual motion for sanctions to be served on the person(s) accused of sanctionable behavior at least twenty-one days prior to the filing of that motion").

The safe-harbor provision is strictly construed, and substantial compliance and informal notice and opportunity to withdraw are not sufficient. *See Reyes v. Kroger Texas, LP*. No. 3:10-cv-922-B, 2010 WL 4316084, at *4 (N.D. Tex. Oct. 2, 2010) (citing *In re Pratt*, 524 F.3d 580, 586-88 (5th Cir. 2008)), *rec. adopted*, 2010 WL 4321585 (N.D. Tex. Oct. 25, 2010); *Standard Ins. Co. v. Cooper-Pipkins*, No. 3:08-cv-746-B, 2008 WL 5000044, at *2 (N.D. Tex. Nov. 24, 2008) ("This 'safe harbor' provides that a motion for sanctions must be served, but 'must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within [twenty-one] days after service....' FED. R. CIV. P. 11(c)(2). The provision 'contemplates such service to give the parties at whom the motion is directed an opportunity to withdraw or correct the offending contention.' In furtherance of this purpose, the 'safe harbor' procedure is deemed a mandatory procedural prerequisite to seeking Rule 11 sanctions." (citations omitted)).

A Rule 11 motion for sanctions is properly denied when the movant fails to comply with the safe-harbor provision. *See Tompkins v. Cyr*, 202 F.3d 770, 788 (5th Cir. 2000). The movant has the burden to show that it complied with Rule 11(c)(2). *See Reyes*, 2010 WL 4316084, at *4 (citing *Harris v. Auxilium Pharms., Inc.*, 664 F. Supp. 2d 711, 724 (S.D. Tex. 2009)).

Defendant has made no showing that it did so. "The requirement that the actual motion be served was deliberately imposed ... to ensure that the moving party understands the seriousness of [the] motion and [that it] will define precisely the conduct claimed to violate the rule." *O'Connell v. Smith*, No. CV 07-0198-PHX-SMM, 2008 WL 477875, at *2 (D. Ariz. Feb.19, 2008).

Defendant's failure to serve a copy of the actual motion for sanctions on Plaintiff at least 21 days prior to its filing with the Court warrants denial of Defendant's request for sanctions under Rule 11(b) and 11(c). *See Standard Ins.*, 2008 WL 5000044, at *2 ("In the case at bar, Cross-Plaintiffs filed their motion for sanctions on the same day they served the Motion on Cross-Defendant. In doing so, Cross-Plaintiffs failed to abide by the plain language of Rule 11's 'safe harbor' provision. Thus, per the express terms of Rule 11, the Court cannot consider the substance of the Motion.").

Rule 41(b) and Inherent-Power Sanctions

Rule 41(b) provides that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). Rule 41(b) allows a court to dismiss an action "with or without notice to the parties," *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), for failure to prosecute or for failure to comply with the federal rules or any court order. Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.*

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). But a dismissal with prejudice is appropriate only

-12-

if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Several of the following four factors generally must be present before a district court may dismiss an action with prejudice based on a litigant's refusal to follow a court order:

> (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct;" (2) the violation of the [Court's] order must be attributable to the client instead of the attorney, (3) the violating party's misconduct "must substantially prejudice the opposing party;" and (4) a less drastic sanction would not substantially achieve the desired deterrent effect.

*Doe v. Am. Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008) (per curiam) (quoting *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994); other citations omitted); *see also Clewis v. Medco Health Solutions, Inc.*, No. 3:12-cv-5208-L, 2014 WL 840026, at *6 (N.D. Tex. Mar. 4, 2014) (distinguishing *Berry* – in which the Fifth Circuit stated that, "[g]enerally, where a plaintiff has failed only to comply with a few court orders or rules, we have held that the district court abused its discretion," 975 F.2d at 1191 n.6 – because "[i]n *Berry*, the plaintiff's conduct was merely negligent, and he had not been warned by the court prior to dismissal," whereas Clewis's conduct was "intentional and willing").

The Fifth Circuit has "recognized that it is not a party's negligence – regardless of how careless, inconsiderate, or understandably exasperating – that makes conduct contumacious; instead it is the stubborn resistance to authority which justifies a

-13-

dismissal with prejudice." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 327 (5th Cir. 2008) (internal quotation marks omitted). Put another way, the Fifth Circuit has explained that a certain level of "recalcitrance" is required by its case law "for a dismissal with prejudice." *Coleman v. Sweetin*, 745 F.3d 756, 767 (5th Cir. 2014).

By way of example, the Fifth Circuit recently affirmed a district court's order dismissing a pro se plaintiff's case with prejudice under Rule 41(b) where the plaintiff "filed hundreds of pages of pleadings, which the magistrate judge and district court found to be difficult to parse, and so she was ordered to file a single amended complaint not to exceed 30 pages that named all defendants, identified all claims, and complied with Federal Rule of Civil Procedure 8" and where the plaintiff, "though given multiple opportunities to comply with the orders, extensions of time, and warnings that if she did not comply her case would be dismissed, did not file an amended complaint." *Barnes v. Tumlinson*, 597 F. App'x 798, 798 (5th Cir. 2015). The Court of Appeals explained that the plaintiff's "decision not to comply with the district court's orders shows a clear record of purposeful, contumacious conduct and amounts to the stubborn resistance to authority justifying a dismissal with prejudice" and that "the lesser sanctions imposed by the district court – in the form of warnings that [the plaintiff's] failure to comply with its orders would lead to dismissal – did nothing to change her behavior, and so the continued imposition of additional lesser sanctions would not serve the best interests of justice." *Id.* at 799 (internal quotation marks omitted).

Similarly, the Fifth Circuit affirmed a decision dismissing a pro se plaintiff's "action – including her potentially meritorious property claims – with prejudice for failure to prosecute" where

> [t]he record before the district court establishes a clear record of delay or contumacious conduct by the plaintiff. [The plaintiff] filed more than 50 separate motions, most of which were not truly motions, but instead rehashed or supplemented arguments that she previously made in prior motions. The district court noted that it had little opportunity to resolve the issues in the case "because the briefing never ends," and ultimately, it had to issue a "cease-fire order." Even during the "cease-fire," [the plaintiff] did not comply with the district court and continued to file motions. Moreover, when the district court granted [the plaintiff] three opportunities to amend her complaint and specifically instructed her how to do so, she instead filed more motions and multiple notices of appeal. Finally, the district court specifically admonished [the plaintiff], in its last order granting her leave to amend, that her failure to file an amended complaint would result in dismissal with prejudice. Accordingly, the district court did not abuse its discretion in concluding lesser sanctions would not serve the best interests of justice.

*Hearn v. Bd. of Supv'rs of Hinds Cty., Miss.*, 575 F. App'x 239, 243-44 (5th Cir. 2014) (citations and internal quotation marks omitted).

And the Fifth Circuit has affirmed dismissal with prejudice of a pro se plaintiff's action under Rule 41(b) and Federal Rule of Civil Procedure 37(b)(2)(A)(v) where

> [t]he district court found, and the record confirms, that [the plaintiff] persistently refused to arrange to have his deposition taken. Even after the Magistrate Judge carefully explained deposition requirements and procedures and ordered [the plaintiff] to give his deposition at a certain place, date, and time, he refused to appear. He based his refusal on meritless arguments about federal discovery rules even after those arguments were rejected. [The plaintiff's] fear of being assassinated by the defendants was at best unreasonable and at worst disingenuous, but in any event, shows that his refusal to be deposed was deliberate and contumacious. Even on appeal, [the plaintiff] continues to argue that he was not required to submit to a deposition. His contention that he could not be deposed because he has no lawyer rests on a misapplication of Fed.

-15-

R. Civ. P. 32(a)(5)(b), which simply does not apply in his case. His other various other assertions lack legal, factual, or logical support.

Because [the plaintiff] was acting pro se, he had no counsel to blame for his actions. Also, it was not erroneous for the district court to conclude that the inability to depose the plaintiff prejudiced the defendants' ability to prepare for trial and defend [the plaintiff's] sometimes vague and confusing claims. In addition, the court properly reasoned that lesser sanctions would have been unavailing. [The plaintiff] was explicitly warned of the possibility of dismissal, and nothing suggests that further warnings would have been effective. [The plaintiff] was proceeding in forma pauperis, so it is unlikely that he would have been able to pay a fine or that a fine would have changed his position. Moreover, [the plaintiff] continues to assert even on appeal that he need not submit to a deposition, thus demonstrating that even the drastic sanction of dismissal has not persuaded him to reconsider his position.

*Pegues v. PGW Auto Glass, L.L.C.*, 451 F. App'x 417, 418 (5th Cir. 2011) (citations omitted).

The Fifth Circuit also affirmed a Rule 41(b) dismissal with prejudice of a pro se plaintiff's claims where the Court of Appeals found the plaintiff's conduct "inexcusable" insofar as he "used vulgar and abusive language to refer to judicial officers, and he sent threatening e-mails to opposing counsel." *Petito v. Brewster*, 562 F.3d 761, 763 (5th Cir. 2009). The Court of Appeals held that, "[u]nder these circumstances, the dismissal of his case, even despite his unsubstantiated pleas of financial hardship and inability to appear at multiple show cause hearings, is by no means an abuse of discretion. He cannot expect the protection of the very courts he abuses; nor should he expect his action to proceed after debasing judicial proceedings with vulgar insults, or, more worryingly, issuing threats to opposing counsel, conduct that may be criminal." *Id.* The Fifth Circuit explained that "[t]he right to bring claims before the courts is a sacred right in our republic. But this right is not without limits. We are vested with the

-16-

power, and we labor under the duty, to protect judicial officers as well as those appearing in court on their own behalf and on behalf of others. Such protection was required in this case due to [the plaintiff's] wrongful conduct, and accordingly, his claims against the defendants, whether meritorious or not, have been forfeited." *Id.*

Correspondingly, "[a]lthough the judicial system is generally accessible and open to all individuals, abuse of the process may result in actions to protect the courts' ability to effectively control the numerous matters filed therein." *Kaminetzky v. Frost Nat'l Bank of Houston*, 881 F. Supp. 276, 277 (S.D. Tex.1995). But "district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants[, which means p]ro se litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Ruston v. Dallas County*, No. 3:07-cv-1076-D, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008) (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)).

Accordingly, courts have inherent authority "to protect the efficient and orderly administration of justice and ... to command respect for [its] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in this power is the authority to levy sanctions in response to abusive litigation practices. *See id.* Thus, while the "court has no desire to deter any litigant from advancing any claim or defense which is arguably supported by existing law, or any reasonably based suggestion for its extension, modification, or reversal," and while "[p]ositions thus taken cannot be considered as frivolous, although they may be unsuccessful and indeed

may be given short shrift," "claims and defenses which fall outside of this broad umbrella may prove frivolous." *Farguson*, 808 F.2d at 359.

The Fifth Circuit has therefore explained that "[t]here is no constitutional right to prosecute frivolous actions, and preclusion orders are appropriate tools for deterring vexatious filings." *Thanedar v. Time Warner, Inc.*, 352 F. App'x 891, 900 (5th Cir. 2009). And the Fifth Circuit has affirmed the imposition of the "drastic remedy" of an injunction against a pro se plaintiff's filing cases against future filings against a particular defendant "where monetary sanctions are ineffective in deterring vexatious filings" and where the injunction is "tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Farguson*, 808 F.2d at 360. And the Fifth Circuit noted that "a broader injunction, prohibiting any filings in any federal court without leave of that court," "may be appropriate if a litigant is engaging in a widespread practice of harassment against different people" and is "available for use" against "those who would misuse the courts." *Id.*

For example, the Fifth Circuit has affirmed a preclusion order against a pro se plaintiff "prevent[ing] him from filing any motions, actions, or complaints in the United States District Court for Southern District of Texas that directly or tangentially raised an issue adjudicated in the instant case without first obtaining leave of the court." *Thanedar*, 352 F. App'x at 900. The Court of Appeals found

> that there was ample basis for the district court to enter a preclusion order in this case. As the district court noted, [the pro se plaintiff] exhibited a disturbing pattern of behavior in his Title VII lawsuit. In that suit, after the court had denied his motion for a continuance and granted the appellees' motion to compel discovery, [the plaintiff] filed a notice of

-18-

appeal, despite the fact that such rulings are not "final orders" subject to appellate review. [The plaintiff] also refused to attend his deposition, failed to respond to the appellees' discovery requests, and did not comply with the court's orders. Consequently, the district court dismissed his Title VII suit with prejudice. A panel of this court affirmed the dismissal, observing that [the plaintiff] had engaged in "serially contumacious conduct" and asserted a "frivolous" due process claim on appeal. [The plaintiff] filed a petition for certiorari, which the Supreme Court denied.

[The plaintiff] continued to employ obstructive tactics while litigating his Sarbanes-Oxley claim. As noted earlier, the district court imposed sanctions on [the plaintiff] for refusing to answer questions during his deposition. In addition, [the plaintiff] accused defense counsel of lying to the court at various points and made insulting comments regarding the competency of [the defendant's] counsel in front of the jury. The district court concluded that this pattern of behavior represented "one of the grossest abuse[s] of the federal civil process the undersigned has observed in the course of twenty-two years on the federal bench."

*Id.* at 901-02 (citations omitted). The Fifth Circuit further found "that the preclusion order was narrowly tailored so as to preserve [the plaintiff's] access to the courts," where "[t]he order only enjoined [the plaintiff] from filing further motions or claims relating to the issues presented in the instant lawsuit in the district court without leave of the court." *Id.* at 902.

At the hearing on the Sanctions Motion, the undersigned warned Plaintiff that he could be headed down the path to a Rule 41(b) dismissal or other appropriate sanctions if he fails to prosecute his claims with a view to having them decided on the merits and fails to comply with the Court's orders – that is, if he does not engage the case as it stands (including with Defendant's answer and defenses that he believes were untimely filed) and participate in discovery and any briefing on dispositive motions.

Some of Plaintiff's conduct in this litigation to date is the sort of conduct that can, under the appropriate set of circumstances, properly support and necessitate a Rule 41(b) dismissal with prejudice and an injunction against future filings. Parties should not make filings that engage or attack their opponents or opposing counsel and should not accuse opposing counsel or parties of fraud on the court or criminal conduct merely because they take factual or legal positions with which a party disagrees, however strongly. Ad hominem attacks and efforts to press collateral proceedings on sanctions, contempt, or criminal charges – except in the most exceptional instances in which no other approach is appropriate or up to the task – only serve to multiply and delay proceedings and fly in the face of the court's and the Federal Rules' preference for deciding disputes on the merits. Continuing to press a legal position that the court has already repeatedly rejected and for which the only remaining remedy is a challenge once the case goes to a final judgment only serves to frustrate the just, speedy, and inexpensive determination of the action. And a party cannot refuse to engage in discovery simply because the discovery is relevant to a claim or defense on which the party believes that it will or should prevail. *See Heller v. City of Dallas*, 303 F.R.D. 466, 489 (N.D. Tex. 2014) (citing *Third Pentacle, LLC v. Interactive Life Forms, LLC*, No. 3:10cv00238, 2012 WL 27473, at *3 (S.D. Ohio Jan. 5, 2012) (even if a party "presently holds a strong belief in the merits of [the party's] litigation positions, [the party's] strong belief – whether ultimately justified or not – provides no basis for avoiding [the party's] discovery obligations created by the Federal Rules of Civil Procedure")).

The undersigned also notes that there is no right to have someone criminally prosecuted, that a civil action does not permit a private party to enforce criminal statutes, and that violations of criminal statutes do not give rise to a private right of action. *See Fuller v. Morris*, No. 3:15-cv-3843-D-BN, 2016 WL 922653, at *2 (N.D. Tex. Feb. 17, 2016), *rep. & rec. adopted*, 2016 WL 927219 (N.D. Tex. Mar. 10, 2016); *Mitchell v. Kennedy*, No. 3:13-cv-2460-L, 2013 WL 4747084, at *3 (N.D. Tex. Sept. 4, 2013). The United States Supreme Court "has recognized that the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case." *Greenlaw v. United States*, 554 U.S. 237, 246 (2008) (internal quotation marks omitted). And, as a general matter, this Court lacks authority in a federal civil action to address alleged violations of Texas state criminal statutes, which are enforced by state and local officials in Texas state courts. *See Gordon v. Neugebauer*, No. 1:14-cv-0093-J, 2014 WL 6449984, at *7 (N.D. Tex. Nov. 17, 2014); *Purported Lien or Claim Against Bond v. Barrett Daffin Frappier Turner & Engel, LLP*, No. CA G-12-188, 2013 WL 1619691, at *10 (S.D. Tex. Mar. 22, 2013).

But the undersigned finds that dismissal, an injunction against filings, or other sanctions are not warranted at this time under Rule 41(b) or the Court's inherent power. At the hearing on the Sanctions Motion, Defendant's counsel reported that Plaintiff has responded to its discovery requests that were the subject of its MTC and that Plaintiff has withdrawn any claim of privilege and thereby eliminated the need to serve a privilege log as ordered by the Court's April 4, 2016 Memorandum Opinion and Order [Dkt. No. 77]. Defendant's counsel explained that Defendant does not intend

to challenge Plaintiff's responses, answers, and document production – even if Defendant believes there may be some issues with some aspects of them – and hopes to begin taking depositions soon and to move this case toward a resolution on the merits, either by a motion for summary judgment or, if necessary, trial.

The undersigned respectfully recommends that the Court decline to issue sanctions against Plaintiff at this time. But the Court should warn Plaintiff that sanctions – including a Rule 41(b) dismissal with prejudice and/or an order enjoining certain future filings – may be warranted if Plaintiff does not prosecute this case with a view toward resolving his claims and ADW's defenses on the merits and if Plaintiff instead continues to engage in the sort of conduct laid out above and in the Fifth Circuit decisions described above.

## Recommendation

For the reasons and to the extent explained above, the Court should deny Defendant's Motion for Protective Order [Dkt. No. 87] and Defendant's Motion for Sanctions against Plaintiff Efrain Areizaga [Dkt. No. 88].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2015); Fed. R. Civ. P. 72(b) (2015). In order to be sufficiently specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and

recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 7, 2016

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE