ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EFRAIN AREIZAGA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-cv-2899 |
| | § | |
| ADW Corporation. | § | |
| | § | |
| Defendant. | § | |
| | § | |

# PLAINTIFF'S AMENDED MOTION FOR A PROTECTIVE ORDER STAYING DISCOVERY

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Pursuant to Federal Rule of Civil Procedure 26(c), the plaintiff respectfully amends and moves the Court for a protective order staying discovery in this action pending the resolution of Plaintiff's motion for summary judgment. Plaintiff believed that he had conference with the defendant's attorney, JIM HERRING, but he disagrees and therefore plaintiff amends and files this amended motion for protective order and includes updated email as proof that plaintiff conference with defendant regarding these issues and defendant opposes this motion. <u>Plaintiff respectfully requests that the court expedite this amended motion for protective order</u>.

The defendant has no affirmative defenses and is willfully, intentionally using the legal system corruptly to harm the plaintiff, by harassing, oppressing and causing mental anguish. The defendant is engaging in fraud on the court by continually asserting a false affirmative defense in the answer pleading that continues to violate the Texas Engineering Practice Act which is also a criminal offense.

Because the motion for summary judgment will, if granted, dispose of this lawsuit in its entirety, a stay of discovery until the motion is resolved will protect the parties against needless expenditure of time, money, and resources. Even if the motion for summary judgment is only partially granted, that areas of potential discovery will be narrowed, thereby preventing inefficient use of resources on discovery that later becomes irrelevant. This is particularly true given that no factual discovery is needed in order to resolve the questions presented by the motion for summary judgment.

Issuing a temporary stay pending the resolution of the plaintiff's motion for summary Judgment, is well within this Court's powers under Federal Rule of Civil Procedure 26. Courts routinely stay discovery in situations such as this, and defendant would not be prejudiced by the requested stay. Defendant's attorney opposed plaintiff's request to schedule depositions after plaintiff's summary judgment was ruled upon reducing the issues, but they refuse see attached email.

Federal courts have broad authority pursuant to Federal Rule of Civil Procedure 26(c) to limit discovery as necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," Fed. R. Civ. P. 26(c). In recognition of this authority, the U.S. Supreme Court has directed that "judges should not hesitate to exercise appropriate control over the discovery process," *see Herbert v. Lando*, 441 U.S. 153, 177 (1979), *Schwarz v. Federal Bureau of Investigation*, 1998 WL 667643, *3 (10th Cir. 1998) (unpublished) (noting district courts' "broad discretion to manage the scope of discovery"); *Chagnon v. Bell*, 642 F.2d 1248, 1266 (D.C. Cir. 1980) (district court should stay discovery where doing so would promote "just, speedy, and inexpensive determination" of action). Stay of discovery appropriate because Plaintiffs did not persuade the Court that discovery was necessary in order to respond to the

motion for summary judgment), *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (courts should exercise their "broad discretionary and inherent power to stay discovery until preliminary questions which may dispose of the case are determined"); *Transunion Corp. v. Pepsico*, 811 F.2d 127, 130 (2d Cir. 1987) (stay of discovery appropriate where discovery was unnecessary to resolving the pending dispositive motion); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (discovery appropriate only as necessary to resolve factual disputes raised in pending dispositive motion; all other discovery properly stayed); *Feist v. Jefferson County Commissioners Court*, 778 F.2d 250, 252 (5th Cir. 1985) (affirming district court decision to stay discovery until it could be determined whether the plaintiff stated a claim upon which relief could be granted).

There are no relevant facts to establish; therefore no discovery is necessary, *see Persons v. Runyon*, 1999 WL 104427, *3 (10th Cir. 1999) (unpublished) (holding that discovery is inappropriate where legal issues determine the outcome of the lawsuit).

Should plaintiff's motion for summary judgment be granted, no discovery will be necessary, and the proposed stay will have spared the parties an unnecessary expenditure of time, money, and resources. Even if some of defendant's arguments were to survive the motion for summary judgment, good cause would exist for staying discovery now, because the ruling on the motion for summary judgment would narrow the issues in this case and thereby limit the scope of permissible discovery.

## CONCLUSION & PRAYER

For the foregoing reasons, this Court should stay all discovery pending the resolution of plaintiff's motion for summary judgment. Since, the defendant continues to commit fraud on the court and has failed to provide mandatory disclosures in a timely manner, their intent is clear that

they have no intentions to comply with the law. They are hoping that they can win by default, since plaintiff is a pro se litigant without the financial resources to continue litigation.

Therefore for the reasons set forth above the Plaintiff prays that the court;

a. Expedite this motion to protect plaintiff from defendant's harassment, oppression and mental anguish.

b. Enter an order staying all discovery pending the resolution of plaintiff's motion for summary judgment.

c. Grant plaintiff all further relief to which plaintiff is justly entitled.

## CERTIFICATE OF SERVICE

Plaintiff's amended motion as stated herein was served on the defendant thru their attorney John R. Herring located at 2200 Ross Avenue, Suite 2800, Dallas, TX 75201-2784 via regular US mail on June 16, 2016 pursuant to Rule 5 of the Federal Rules of Civil Procedures.

By: _____
**Efrain Areizaga,** *Pro Se*
2730 Oak Tree Drive, Unit# 2108
Carrollton, TX 75006
Telephone: (972) 878-3827
efrainareizaga@mail.com



# RE: Re: Areizaga/ADW - Conference re: MSJ Briefing Schedule; Phone Records Authorization; Mediation Dates

**From:** "Herring, John R." <john.herring@nortonrosefulbright.com>
**To:** "'Efrain Areizaga'" <efrainareizaga@mail.com>
**Date:** Jun 15, 2016 2:05:22 PM

Mr. Areizaga:

Thank you for your response. We will just go ahead and present these issues to the Court.

My sincere hope was that after June 6, we would begin making progress on this case, but it appears that is not possible.

Best regards,

**John R. Herring**

**Norton Rose Fulbright US LLP**

2200 Ross Ave., Ste. 3600, Dallas, TX 75201
Tel +1 214 855 7159 | Fax +1 214 855 8200

---

**From:** Efrain Areizaga [mailto:efrainareizaga@mail.com]
**Sent:** Wednesday, June 15, 2016 2:03 PM
**To:** Herring, John R.
**Subject:** Fwd: Re: Areizaga/ADW - Conference re: MSJ Briefing Schedule; Phone Records Authorization; Mediation Dates

First issue - the court has already ruled on. In addition Adw has the best evidence available to them to respond to the motion for summary judgment.

Second issue - the motion for summary judgment is not premature according to the magistrate judge. Furthermore, it will save money and reduce the issues for discovery, mediation and trial. In addition it complies with rule 1.

Will you reschedule deposition until motion for summary judgment is ruled on?

If not do you oppose my motion for protective order?

You have til 5:00 pm today to respond. If not I will refile.

Sincerely,
Efrain Areizaga
--
Sent from my Android phone with mail.com Mail. Please excuse my brevity.

On 6/15/16, 1:38 PM Efrain Areizaga <efrainareizaga@mail.com> wrote:

I believed I did conference, when you made an implied threat of sanctions and attorney fees if I did not comply with your demand.

Will you reschedule your request for deposition until the motion for summary judgment has been ruled on?

If not, then you are opposing my motion for protective order.

Sincerely,
Efrain Areizaga
--
Sent from my Android phone with mail.com Mail. Please excuse my brevity.

On 6/15/16, 12:29 PM "Herring, John R." <john.herring@nortonrosefulbright.com> wrote:

Mr. Areizaga:

We are in receipt of your Motion for Summary Judgment and Motion for Protective Order. You filed these despite our request to conference on these issues to reach an agreement. In fact, the Local Rules of Civil Procedure ***require*** you to conference with the opposing party on Motions for Protective Order, but you still did not do so. As I told you on Friday, June 10, we will now be forced to incur attorneys' fees to file a Motion with the Court stating what we have already told you, and what is stated in the Federal Rules of Civil Procedure: that your Motion for Summary Judgment is pre-mature at this juncture.

Although we are attempting to cooperate with you, we believe these are the exact types of wasteful actions that the Court warned you about on June 6, 2016. I am asking that you contact me in order to discuss this issue for purposes of a Certificate of Conference as required under the Rules. If you do not contact me, and we cannot reach an agreement, I will not have any option left but to again request attorneys' fees from the Court.

In the meantime, there are two additional issues we need to address:

- ***First***, as you are aware, we need to obtain your telephone records in order to defend against your claims in this lawsuit. You opposed this discovery, and we have a pending issue before the Court on it. Nevertheless, as we discussed on June 6, 2016, I am attaching a release for your execution in the event you will consider participating in discovery on this issue. If not, we will await a ruling from the Court, but this could cause unnecessary delays in this case.

- **_Second_**, on June 8, 2016, the Court entered a Mediation Order [ECF No. 113] requiring the parties to mediate with Cecilia H. Morgan. Ms. Morgan's office provided you with her available dates, and I have attached another copy of that e-mail for your convenience. Please let me know what dates you would like to attend mediation on, keeping in mind that we must complete your deposition before mediation. If you are not available on July 28, 29, 1-5, or 8-12, then we will need to schedule your deposition on a different date so that we can complete it before mediation.

Please provide a response on all of these issues by close of business today.

Thank you,

**John R. Herring** | Sr. Associate

Norton Rose Fulbright US LLP

2200 Ross Avenue, Suite 3600, Dallas, Texas  75201-7932, United States
Tel +1 214 855 7159 | Fax +1 214 855 8200

john.herring@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT**

*Law around the world*

nortonrosefulbright.com

**CONFIDENTIALITY NOTICE:** This email, including any attachments, is confidential and may be privileged. If you are not the intended recipient please notify the sender immediately, and please delete it; you should not copy it or use it for any purpose or disclose its contents to any other person. Norton Rose Fulbright entities reserve the right to monitor all email communications through their networks.

Norton Rose Fulbright Australia, Norton Rose Fulbright LLP, Norton Rose Fulbright Canada LLP, Norton Rose Fulbright South Africa Inc and Norton Rose Fulbright US LLP are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.