IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Efrain Areizaga, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-cv-2899 |
| | § | |
| ADW Corporation, | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

**ADW CORPORATION'S RESPONSE TO PLAINTIFF'S
FOURTH MOTION FOR PROTECTIVE ORDER**

TO THE HONORABLE UNITED STATES DISTRICT COURT MAGISTRATE JUDGE:

Defendant ADW Corporation ("*ADW*" or "*Defendant*") files this response to Plaintiff Efrain Areizaga's ("*Areizaga*" or "*Plaintiff*") Amended Motion for Protective Order (the "*Fourth Motion*"), respectfully requesting that the Court enter an order denying the Motion. Although ADW disagrees with nearly every position Plaintiff has taken in this case, ADW does agree that this Fourth Motion deserves expedited treatment given the briefing deadlines triggered by Plaintiff's latest improper conduct.

**I.
OVERVIEW**

Since July 24, 2015, this case has essentially revolved around a single issue—Plaintiff's refusal to participate in discovery. Remarkably, within six (6) days of Magistrate Judge Horan's explicit warnings that Plaintiff's further refusal to participate in discovery may result in dismissal of his claims, Plaintiff filed a Third Motion for Protective Order [ECF No. 116] in this lawsuit (the "*Third Motion*"), refusing to be deposed or permit any discovery whatsoever. When ADW's

attorneys warned Plaintiff that his conduct was improper, Plaintiff withdrew that Third Motion, only to file a ***fourth*** Motion for Protective Order that is the basis of this Response.[1]

Not two paragraphs into that Fourth Motion, Plaintiff engages in the exact behavior Magistrate Judge Horan warned Plaintiff is entirely inappropriate and sanctionable: meritless *ad hominem* attacks against ADW's counsel, including allegations of "willfully, intentionally using the legal system corruptly to harm the plaintiff," and "engaging in fraud on the court by continually asserting affirmative defense [sic] in the answer pleading [sic] that continues to violate the Texas Engineering Practice Act which is also a criminal offense."[2]

For the reasons set forth herein, ADW requests that the Court deny Plaintiff's Motion, and strenuously urges the Court to consider Rule 26 and Rule 41.

## II.
## BACKGROUND

On June 6, 2016, during a hearing on ADW's Motion for Sanctions, this Court admonished Plaintiff for his repeated, improper and abusive conduct, including Plaintiff's refusal to participate in discovery; violating Court orders; and engaging in countless *ad hominem* attacks directed at ADW and its legal counsel.[3] On June 7, 2016, Judge Horan issued a ruling outlining these explicit warnings, which included the following:

- "At the hearing on the Sanctions Motion, the undersigned [Magistrate Judge Horan] warned Plaintiff that he could be headed down the path to a Rule 41(b) dismissal or other appropriate sanctions if he fails to prosecute his claims with a view to having them decided on the merits and fails to comply with the Court's orders".[4]

---

[1] *Pl's Fourth Mot. for Prot. Ord.* [ECF No. 120]. Although Plaintiff titled his most recent filing as an "Amended" motion, Plaintiff withdrew his Third Motion, and then added allegations in his Fourth Motion.

[2] *Pl's Am. Mot. for Prot. Ord.* at 1 [ECF No. 120].

[3] *See generally Findings, Conclusions and Recommendation of U.S. Mag. Judge* at 19-22 [ECF No. 107].

[4] *Id.* at 19.

- "Some of Plaintiff's conduct in this litigation to date is the sort of conduct that can, under the appropriate set of circumstances, properly support and necessitate a Rule 41(b) dismissal with prejudice and an injunction against future filings"[5] including:

    o "Parties should not make filings that engage or attack their opponents or opposing counsel and should not accuse opposing counsel or parties of fraud on the court or criminal conduct"[6]

    o "Ad hominem attacks and efforts to press collateral proceedings on sanctions, contempt, or criminal charges"[7]

    o "Continuing to press a legal position that the court has already repeatedly rejected"[8]

    o "[A] party cannot refuse to engage in discovery simply because the discovery is relevant to a claim or defense on which the party believes that it will or should prevail"[9]

    o "[A] civil action does not permit a private party to enforce criminal statutes"[10]

- "[T]he Court should warn Plaintiff that sanctions—including Rule 41(b) dismissal with prejudice and/or an order enjoining certain future filings—may be warranted if Plaintiff does not prosecute this case with a view toward resolving his claims and ADW's defenses on the merits and if Plaintiff instead continues to engage in the sort of conduct laid out above and in the Fifth Circuit decisions described above."[11]

Incredibly, just six (6) days later on June 13, 2016, Plaintiff filed yet ***another*** Motion for Protective Order [12] seeking to stay all discovery in this lawsuit, and concurrently filed a premature Motion for Summary Judgment. Presumably, Plaintiff believed he was able to ignore

---

[5] *Findings, Conclusions and Recommendation of U.S. Mag. Judge* at 20 [ECF No. 107].

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.* at 22.

[12] *See, e.g. Pl's Emergency Mot. for a Stay of All Proceedings* [ECF No. 43]; *Pl's Emergency Motion for a Protective Order* [ECF No. 42]; *Pl's Second Mot. for a Protective Order* [ECF No. 60].

Judge Horan's warnings if he merely filed a dispositive motion. Plaintiff's Motion for Summary Judgment triggered a July 5, 2016, response deadline for ADW.

Three days later, on June 16, 2016, Plaintiff withdrew that Third Motion for Protective Order,[13] only to re-file a **_Fourth_** Motion for Protective Order[14] that very same day. Plaintiff's Fourth Motion adds accusations and arguments that directly violate Magistrate Judge Horan's warnings and instructions outlined above.

In addition to violating the Magistrate Judge's rulings, Plaintiff's Motion is improper because, among other reasons, it seeks to force ADW to respond to Plaintiff's Motion for Summary Judgment without the benefit of any meaningful discovery on critical issues. ADW has not yet taken Plaintiff's deposition, and is awaiting additional document discovery in this case—as was discussed at the June 6, 2016 hearing. Plaintiff agreed to have his deposition taken on July 22, 2016,[15] only to simultaneously file his Third Motion for Protective Order seeking to avoid having to show up. As set forth in ADW's Emergency Motion for Rule 56(d) Continuance, taking Plaintiff's deposition is essential for purposes of opposing Plaintiff's Motion for Summary Judgment.

The discovery ADW seeks is highly relevant to Plaintiff's claims in this lawsuit, as it will serve to create genuine issues of material facts which justify ADW's opposition to Plaintiff's Motion for Summary Judgment.

---

[13] *Pl's Notice of Widrawal* [ECF No. 119].

[14] *Pl's Fourth Mot. for Prot. Ord.* [ECF No. 120].

[15] *Pl's e-mail to J. Herring (6.13.2016)* (**Appx. at 2**). In response to ADW's proposed two-week window for Plaintiff's deposition, Plaintiff initially replied that he would be available for two hours on August 12, 2016—the same day as the Court's deadline to complete mediation. The undersigned's email explained why that date would not work, and Plaintiff reluctantly provided a date in July.

A stay of discovery would be highly prejudicial to ADW. Pursuant to the Court's Scheduling Order, entered only on May 3, 2016, the discovery deadline in this case is September 16, 2016 [ECF No. 85], and granting Plaintiff's improper request would end discovery before it has even substantially begun. Further, granting a stay will prevent ADW from obtaining all essential facts required to justify its opposition to Plaintiff's Motion for Summary Judgment.

### III.
### ARGUMENTS AND AUTHORITIES

A.  **ADW's discovery requests are proper under Rule 26.**

Under Rule 26 of the Federal Rules of Civil Procedure, "Parties may obtain discovery regarding ***any nonprivileged matter*** that is relevant to any party's claim or defense…."[16] The information sought "need not be admissible in evidence to be discoverable." *Id.* In the discovery context, "[r]elevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." [17]

ADW is entitled to take Plaintiff's deposition pursuant to Rule 30 of the Federal Rules of Civil Procedure. Rule 30(a)(1) provides, "A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)."[18]

Plaintiff's Motion, if granted, will only serve to validate Plaintiff's continued refusal to participate in discovery. Plaintiff seeks to deprive ADW of its rights under Rules 26 and 30 to take Plaintiff's deposition and discover relevant information that is essential to ADW opposing Plaintiff's Motion for Summary Judgment. Plaintiff's deposition testimony must be secured to

---

[16] Fed. R. Civ. P. 26(b)(1) (emphasis added).

[17] *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (quoting *Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001)).

[18] Fed. R. Civ. Pro. 30(a)(1).

learn of facts that only Plaintiff knows, including the details concerning his alleged "remote" work that was not disclosed by Plaintiff until he filed his lawsuit. Further, discovery of Plaintiff's personal computer, cell phone, personal electronic devices, and telephone records are all crucially relevant to Plaintiff's allegations that he worked "remotely" from his home or some other location, using those very devices.

**B.      Discovery is necessary because there are issues of fact that must be determined.**

Discovery is necessary as to Plaintiff's assertions in his Motion for Summary Judgment related to his job duties as well his damages model. ADW is entitled to discovery on these issues under Rule 26 because they are relevant to Plaintiff's claims and ADW's defenses.[19]

Plaintiff asserts in his Motion that, "There are no relevant facts to establish…"[20] As noted in ADW's Emergency Motion for Rule 56(d) Continuance, Magistrate Judge Horan specifically explained to the Plaintiff during the June 6, 2016 hearing that his disagreement with ADW's factual contentions does not mean that factual disputes do not exist in this case.[21]

Plaintiff alleges that he is a non-exempt employee under the Fair Labor Standards Act ("*FLSA*") based on his job duties, but asserts his own self-serving declaration is the end of the inquiry.[22] ADW disputes Plaintiff's characterization of his job duties, and Plaintiff's assertion that he was a non-exempt employee under the FLSA. Discovery is necessary to ascertain the true nature of Plaintiff's job duties, including the work Plaintiff alleges he was performing from

---

[19] Fed. R. Civ. Pro. 26(b)(1).

[20] *Pl's Mot. for Protective Order Staying Discovery*, at 3 [ECF No. 116].

[21] *Findings, Conclusions and Recommendations of the U.S. Magistrate Judge* at 20 [ECF No. 107] ("[a party cannot refuse to engage in discovery simply because the discovery is relevant to a claim or defense on which the party believes that it will or should prevail.") (citing *Heller v. City of Dallas*, 303 F.R.D. 466, 489 (N.D. TEx. 2014)).

[22] *Pl's MSJ* at 14 [ECF No. 114]; *see also Appx. to Pl's MSJ* at 6-22 [ECF No. 115 at PageID 1282-98].

his home—alleged "remote" work that was not authorized or disclosed by Plaintiff until he sued his former employer.

Plaintiff's damages model is also based entirely on Plaintiff's own, self-serving declaration that he worked thousands of hours from home during his employment at ADW.[23] ADW must conduct discovery on these issues in order to defend against Plaintiff's claims, including deposing Plaintiff, analyzing Plaintiff's personal computer, cell phone, and other electronic devices used to perform job duties for ADW, and review Plaintiff's telephone records.

C.  **Plaintiff's Fourth Motion is improper under Rule 26.**

Plaintiff's Fourth Motion should be denied because Plaintiff has yet again failed to establish "good cause" for refusing to participate in discovery.

Rule 26(c)(1) states that, "The court may, *for good cause*, issue an order to protect a party…"[24] "[A] party seeking to resist discovery on these grounds still bears the burden of making a specific objection and showing that the discovery fails the proportionality calculation mandated by Rule 26(b) by coming forward with specific information."[25]

Here, Plaintiff simply asserts that, "a stay of discovery until the [Motion for Summary Judgment] is resolved will protect the parties against needless expenditure of time, money, and resources,"[26] without making a specific objection or providing *any* specific information as to why discovery is improper under Rule 26. These generic assertions are not sufficient to meet Plaintiff's burden under Rule 26(c), and directly violate Judge Horan's warnings to Plaintiff.

---

[23] *Id.* at 20; *Appx. to Pl's MSJ* at 20 [ECF No. 115 at PageID 1296] (alleging "a grant [sic] total of hours worked overtime of 1,117").

[24] Fed. R. Civ. Pro. 26(c)(1) (emphasis added).

[25] *Carr v. State Farm Mut. Auto. Ins., Co.*, 312 F.R.D. 459, 468 (N.D. Tex. 2015).

[26] *Pl's Mot. for Prot. Ord.* at 1-3 [ECF No. 116].

In addition to this Court's local rules,[27] Rule 26 also states that, "The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."[28] Here, Plaintiff did not even *attempt* to confer with ADW's counsel regarding his Third Motion. The first mention of his Third Motion was in a June 13, 2015 e-mail wherein Plaintiff announced "[p]lease, note that I also filed a motion for a protective order requesting a stay of discovery pending the resolution of the summary judgment motion."[29]

On June 15, 2016, the undersigned counsel pointed out Plaintiff's failure to comply with Rule 26 and the Court's local rules, and requested a conference on these issues.[30] Rather than cooperate, Plaintiff merely denied that he had failed to comply with Rule 26(c)(1) in the first place.[31] ADW again requested to conference on these issues without success.[32] Thereafter, Plaintiff merely withdrew his Third Motion, and filed his Fourth Motion. Of course, Plaintiff *still* did not conference with the undersigned with respect to his Fourth Motion.

**D.    ADW is entitled to relief under Rule 26(a)(3).**

Plaintiff's Motion is improper under Rule 26 and applicable law. Plaintiff's conduct in filing his Fourth Motion is improper, and merits an award of ADW's reasonable fees and expenses to ADW should the Court agree. "Rule 26(c)(3) applies the provisions of Rule

---

[27] N.D. Tex. L.R. 7.1.

[28] Fed. R. Civ. P. 26(c)(1).

[29] *Pl's e-mail to J. Herring (6/13/2015)* (**Appx. at 2**).

[30] *J. Herring e-mail to Pl (6/15/2016)* (**Appx. at 5**).

[31] *J. Herring e-mail to Pl No. 2 (6/15/2016)* (**Appx. at 6**).

[32] *J. Herring e-mail to Pl No. 2 (6/15/2016)* (**Appx. at 6**).

37(a)(5)(A), (B) to the grant or denial of a motion for protective orders."[33] "When a court denies a motion for protective order, the Rule calls for an award of the opposing party's expenses unless the motion was substantially justified or unless sanctions would be otherwise unfair." [34]

ADW is sensitive to the fact that it has previously requested, and Magistrate Judge Horan granted recovery of, its attorneys' fees related to discovery issues in this case.[35] However, counsel for ADW explicitly warned Plaintiff of his need to avoid this ongoing pattern of discovery abuse, including the fact that ADW would be forced to file a motion with the Court and would seek its attorneys' fees.[36]

ADW respectfully urges the Court that, at a minimum, an award of fees is proper, necessary, and authorized by Rules 26(c)(3) and 37(a)(5). ADW also urges the Court that, by violating Magistrate Judge Horan's explicit warnings, sanctions pursuant to Rule 41(b) are also appropriate, and asks the Court to consider dismissing Plaintiff's lawsuit.[37]

## IV.
## CONCLUSION AND PRAYER

For the foregoing reasons, ADW respectfully requests the Court to deny Plaintiff's Motion for a Protective Order Staying Discovery, and awarding ADW its reasonable and necessary attorneys' fees incurred in responding to the Motion, in addition to any potential

---

[33] *See, e.g., T-M Vacuum Products, Inc. v. Taisc, Inc.*, No. CIV.A. H-07-4108, 2008 WL 5082413, at *5 (S.D. Tex. Nov. 25, 2008) (citing *Rose v. First Colony Community Servs. Ass'n, Inc.*, 199 F.3d 440, 440 (5th Cir. 1999)).

[34] *Rose*, 199 F.3d at 440.

[35] Order on Fed. R. Civ. P. 26(c)(3) and 37(a)(5) Award of Expenses [ECF No. 92].

[36] *J. Herring e-mail to Pl (6/15/2016)* (**Appx. at 7**) ("[W]e believe these are the exact types of wasteful actions that the Court warned you about on June 6, 2016. *** If you do not contact me, and we cannot reach an agreement, I will not have any option left but to again request attorneys' fees from the Court.")

[37] *Findings, Conclusions and Recommendations of the U.S. Magistrate Judge* at 22 [ECF No. 107] ("the Court should warn Plaintiff that sanctions – ***including a Rule 41(b) dismissal with prejudice*** and/or an order enjoining certain future filings – may be warranted").


sanction this Court deems appropriate pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, as discussed by Magistrate Judge Horan on June 6, 2016.

Dated: June 17, 2016                     Respectfully submitted,

> */s/ John R. Herring*
> Norlynn B. Price
> State Bar No. 02499050
> Norlynn.price@nortonrosefulbright.com
> Danielle Alexis Matthews
> State Bar No. 24027915
> danielle.alexis.matthews@nortonrosefulbright.com
> John R. Herring
> State Bar No. 24065410
> john.herring@nortonrosefulbright.com
> Jordan Campbell
> State Bar No. 24087251
> jordan.campbell@nortonrosefulbright.com
> Barrett Robin
> State Bar No. 24098332
> barrett.robin@nortonrosefulbright.com
>
> 2200 Ross Avenue, Suite 3600
> Dallas, TX 75201-7932
> Telephone:    (214) 855-8000
> Facsimile:    (214) 855-8200
> *Counsel for Defendant ADW Corporation*

## CERTIFICATE OF SERVICE

This filing was served in compliance with Rule 5 of the Federal Rules of Civil Procedure by email and also Certified Mail, Return Receipt Requested, on June 17, 2016:

Efrain Areizaga, *Pro Se*
2730 Oak Tree Drive, No. 2108
Carrollton, Texas 75006
Phone: (972) 878-3827
Email: efrainareizaga@mail.com

                                        */s/ John R. Herring*
                                        John R. Herring