IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EFRAIN AREIZAGA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-2899-B |
| | § | |
| ADW CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant ADW Corporation ("Defendant" or "ADW") has filed an Application for Attorneys' Fees (the "Application"). *See* Dkt. No. 94. United States District Judge Jane J. Boyle has referred the Application to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b). *See* Dkt. No. 108. For the reasons and to the extent explained below, the Court GRANTS in part and DENIES sin part the Application.

**Background**

Defendant filed a Motion to Compel Written Discovery Responses and Production of Documents (the "MTC"), requesting that the Court enter an order compelling Plaintiff Efrain Areizaga ("Areizaga" or "Plaintiff") to respond to ADW's First Set of Interrogatories and produce all responsive documents and things requested in ADW's First Requests for Production. *See* Dkt. No. 54. Chief Judge Jorge A. Solis referred the MTC to the undersigned United States magistrate judge for determination. *See* Dkt. No. 56.

-1-

Plaintiff then filed a Second Motion for a Protective Order (the "MPO"), requesting that the Court enter a protective order prohibiting Defendant's requests for production and interrogatories or, alternatively, withholding adjudication of Plaintiff's MPO until Plaintiff's petition for writ of mandamus to the United States Court of Appeals for the Fifth Circuit has been finally decided. *See* Dkt. No. 60. Chief Judge Solis also referred the MPO to the undersigned for determination. *See* Dkt. No. 61.

After responses were filed to each motion, and Defendant filed a reply in support of its MTC, and Plaintiff then moved to strike certain filings and then withdrew that motion to strike, *see* Dkt. Nos. 59, 65, 66, 70, 71, 72, & 74, both the MTC and MPO are ripe for decision.

In an April 4, 2016 Memorandum Opinion and Order, the Court granted in part and denied in part Defendant's Motion to Compel Written Discovery Responses and Production of Documents [Dkt. No. 54] and granted in part and denied in part Plaintiff's Second Motion for a Protective Order [Dkt. No. 60]. *See* Dkt. No. 77.

The Court there explained that Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if a motion to compel is granted, or if the requested discovery is provided after the motion was filed, "the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," except that "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's

nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *See id.* at 21 (citing Fed. R. CIV. P. 37(a)(5)(A)). And Federal Rule of Civil Procedure 37(a)(5)(C) provides that, "[i]f the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." *See id.* (citing FED. R. CIV. P. 37(a)(5)(C)). And Federal Rule of Civil Procedure 26(c)(3) provides that, in connection with a motion under Rule 26(c) for a protective order, Federal Rule of Civil Procedure "37(a)(5) applies to the award of expenses." *See id.* (citing FED. R. CIV. P. 26(c)(3)).

The Court granted Plaintiff leave to file a response to explain why the Court should not require Plaintiff to pay Defendant, as required by Rule 37(a)(5) and 26(c)(3), the expenses, including attorneys' fees, that Defendant incurred in making and briefing its MTC and responding to Plaintiff's MPO – other than as to Request for Production Nos. 28, 29, 31, and 37 in Defendant ADW Corporation's First Requests for Production and Interrogatory Nos. 7 and 10 in Defendant ADW Corporation's First Set of Interrogatories. *See id.* at 21-22. The Court found that Defendant attempted in good faith to obtain the discovery at issue without court action before filing its MTC and ordered Plaintiff to fully explain whether his nondisclosure, responses, or objections at issue were "substantially justified" or whether other circumstances make an award of expenses under Rule 37(a)(5) unjust. *Id.* at 22.

Plaintiff timely filed his response, *see* Dkt. No. 79, and, as permitted, Defendant filed a reply, *see* Dkt. No. 86.

The Court then found that Plaintiff has not shown that his nondisclosure, responses, or objections at issue were substantially justified or that other circumstances make an award of expenses under Rule 37(a)(5) unjust and determined that it will, pursuant to Rules 26(c)(3) and 37(a)(5), apportion the reasonable expenses for the motions by requiring Plaintiff to pay Defendant its reasonable attorneys' fees and costs (as described below) incurred in making and briefing Defendant's MTC and responding to Plaintiff's MPO – other than as to Request for Production Nos. 28, 29, 31, and 37 in Defendant ADW Corporation's First Requests for Production and Interrogatory Nos. 7 and 10 in Defendant ADW Corporation's First Set of Interrogatories. *See* Dkt. No. 92 at 5-6. The court explained that this award of fees includes the attorneys' fees and costs that Defendant incurred in drafting and filing its MTC and the reply in support of the MTC [Dkt. No. 65], other than as to the specific discovery requests just listed, and in drafting and filing its response to Plaintiff's MPO [Dkt. No. 66]. *See id.* at 6. The Court ordered Defendant to file an application for attorneys' fees and costs, accompanied by supporting evidence, establishing the amount of the attorneys' fees and costs to be awarded under Rules 26(c)(3) and 37(a)(5). *See id.*

As ordered, Defendant filed its Application, *see* Dkt. No. 94, to which Plaintiff filed a response, *see* Dkt. No. 104, and Defendant did not file a reply.

## Legal Standards

The undersigned has authority to enter a nondispositive order granting attorneys' fees as a sanction under Federal Rule of Civil Procedure 37. *See* Dkt. No. 108; 28 U.S.C. § 636(b); *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1016-17

(5th Cir. Unit A 1981) (per curiam).

"This Court uses the 'lodestar' method to calculate attorney's fees." *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing *Fender v. Zapata Partnership, Ltd.*, 12 F.3d 480, 487 (5th Cir.1994); *Saizan v. Delta Concrete Prods., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006). The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (*citing Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984)). The relevant legal community is the community in which the district court sits. *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002).

The party seeking reimbursement of attorneys' fees bears the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See id.* The hours remaining are those reasonably expended. *See id.* There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *Saizan*, 448 F.3d at 800.

After calculating the lodestar, the Court may either (1) accept the lodestar figure or (2) decrease or enhance it based on the circumstances of the case, taking into account what are referred to as the *Johnson* factors. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324, 329 (5th Cir. 1995); *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989). The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of taking the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the monetary amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case is undesirable; (11) the nature and duration of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 448 F.2d at 717-19; *see also Saizan*, 448 F.3d at 800. Because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *See Watkins,* 7 F.3d at 457.

Additionally, a party seeking attorneys' fees may only recover for time spent in preparing the actual discovery motion – that is, the "reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A).

The undersigned recognizes that the analysis set forth above, and particularly the interplay of the lodestar analysis and the *Johnson* factors, has been called into question. *See Perdue*, 559 U.S. at 552-53; *S&H Indus., Inc. v. Selander*, No. 3:11-cv-

2988-M-BH, 2013 WL 6332993, at *2-*3 (N.D. Tex. Dec. 5, 2013). But, the United States Court of Appeals for the Fifth Circuit, without comment or reference to the United States Supreme Court's decision in *Perdue*, continued to utilize the approach laid out by this Court. *See Black v. SettlePou, P.C.*, 732 F.3d 492, 502-03 (5th Cir. 2013); *but see In re Pilgrim's Pride Corp.*, 690 F.3d 650, 663-64 (5th Cir. 2012) (analyzing whether any changes brought about by *Perdue* apply to bankruptcy attorneys' fees calculations); *but see also In re ASARCO, L.L.C.*, 751 F.3d 291, 296 (5th Cir. 2014) (following *Pilgrim's Pride*).

In *Perdue*, the Supreme Court was ultimately considering the appropriateness of an enhancement of an award of attorneys' fees, and ADW here has not requested such an enhancement. Other factors also distinguish this case from *Perdue*, including the fact that *Perdue* involved a 42 U.S.C. § 1988 claim and the fees were therefore paid by state and local taxpayers. *See Perdue*, 559 U.S. at 558. Moreover, after the lodestar amount is determined, it may not be adjusted due to a *Johnson* factor that was already taken into account during the initial calculation of the lodestar, *see Saizen*, 448 F.3d at 800, and the lodestar calculation may take into account several *Johnson* factors, *see Black*, 732 F.3d at 503 n.8.

In light of the circumstances in this case – where there is no request for enhancement and no Section 1988 claim – the undersigned will not address whether *Perdue* changed the landscape of calculating attorneys' fees awards in the Fifth Circuit. Rather, the analysis below will take into account the necessary factors when

determining the appropriate amount of attorneys' fees.

## Analysis

Defendant requests an order requiring Plaintiff to pay Defendant's costs and fees in the amount no less than $7,500 or, alternatively, an amount the Court deems reasonable under the circumstances. ADW calculated the fees it incurred by multiplying the 50 hours worked by the hourly rates of the attorneys who billed those hours to arrive at the total of $22,447.50 that includes fees incurred responding to Plaintiff's related, dilatory filings. But ADW explains that it seeks only a fraction of these total fees incurred because of Plaintiff's abuse of the discovery process and that, in the event that the Court restricts the fee award to fees incurred in connection with the MTC and Areizaga's MPO, ADW is still entitled to its reasonable and necessary fees in the amount of $13,398.75, which is the sum of fees for those two categories. *See* Dkt. No. 94 at 2-4.

Plaintiff objects to Defendant's including fees incurred other than for its MTC and responding to his MPO and asserts that the Application fails to specify which motion for protective order the fees are attributable to and to properly identify the work done for certain filings. Plaintiff also asserts that the 18 hours that Defendant attributes to the MTC appear excessive and unreasonable and that the Application's supporting materials contain contradictory information. Finally, Plaintiff asserts that, because of financial pressures in his personal life, any attorneys' fee awarded should be entered into the final judgment to set off the amount that he expects to be awarded on his claims. *See* Dkt. No. 104 at 4.

Taking up Plaintiff's final argument first, the Court will not defer payment of this award of expenses until final judgment but will provide somewhat longer than it otherwise would for Plaintiff to make the payment. The Court is also not persuaded that the Application does not provide the information that the Court needs to fix the amount of the award under Rules 26(c)(3) and 37(a)(5) – which, consistent with the Court's Order on Fed. R. Civ. P. 26(c)(3) and 37(a)(5) Award of Expenses [Dkt. No. 92], will be limited to the fees that Defendant incurred in making and briefing Defendant's MTC and responding to Plaintiff's MPO – other than as to Request for Production Nos. 28, 29, 31, and 37 in Defendant ADW Corporation's First Requests for Production and Interrogatory Nos. 7 and 10 in Defendant ADW Corporation's First Set of Interrogatories.

As to that work, ADW reports that it incurred reasonable and necessary attorneys' fees in the amount of $13,398.75. This amount is made up of work performed by attorneys Danielle M. Matthews, John R. Herring, Jordan C. Campbell, and Barrett T. Robin of the law firm of Norton Rose Fulbright US LLP. But a review of Defendant's filings shows that at least some of this reported time is attributable to responding to Plaintiff's first Emergency Motion for Protective Order [Dkt. No. 42] and not to his Second Motion for a Protective Order [Dkt. No. 60]. Accordingly, the Court will only consider the hours attributable to the MTC and MPO as to which the Court has awarded fees at this point. That consists of 10.25 hours at $310.00 an hour ($3,177.50) for the work performed by associate Barrett T. Robin, 5.25 hours at $430.00 an hour ($2,257.50) for the work performed by associate Jordan C. Campbell, 9.75 hours at

$555.00 an hour ($5,411.25) for the work performed by senior associate John R. Herring, and 1.00 hour at $655.00 an hour ($655.00) for the work performed by senior counsel Danielle M. Matthews, for a total of $11,501.25. *See* Dkt. No. 94-1, 94-2, & 94-3.

ADW's request is supported by the Declaration of Danielle Alexis Matthews with the firm's invoices issued to ADW as support. *See* Dkt. Nos. 94-1 & 94-2. Ms. Matthews declares that she has 16 years of legal practice, *see* Dkt. No. 94-1, and ADW's Application makes clear Mr. Robin is a first-year associate. ADW has not otherwise specified their attorneys' respective experience levels other than to provide their titles within their law firm. Ms. Matthews explains that "Fulbright charged ADW its standard hourly rate for each of the attorneys who worked on the matter and used attorneys with a range of legal experience, employing the proper level of experience for the particular work performed" and that "[e]ach member of ADW's legal team performed the tasks commensurate with his or her skill set and level of experience, and the hours each person expended were necessary and non-duplicative." Dkt. No. 94-1 at 3. She declares that "[t]he hourly rates charged for each member of ADW's legal team are similarly reasonable and reflect each person's level of experience" and that, in her opinion, "all of the hours spent by [her], Mr. Herring, Mr. Campbell, and Mr. Robin on the Motion to Compel, responding to Motions for Protective Order, and addressing numerous other related, dilatory filings were reasonable and necessary" and "the rates charged by the attorneys in this matter constitute normal, customary, and reasonable charges for the services rendered." *Id.*

The billing records submitted by Ms. Matthews reflect the work performed by her, Mr. Herring, Mr. Campbell, and Mr. Robin with a narrative description of the work done and the number of hours that it took to complete the work, appropriately "redacted pursuant to the attorney-client privilege and the attorney work product doctrine." *Id.* at 2; *see* Dkt. No. 94-2. The billing records also redact "[c]ertain tasks ... entirely because they are not properly apportioned to Areizaga pursuant to the Court's Order on Fed. R. Civ. P. 26(C)(3) and 37(A)(5) Award of Expenses." *Id.* at 2; *see* Dkt. No. 94-2.

The Court has carefully reviewed the invoices and finds that the 26.25 total hours ADW attributes to briefing the MTC and responding to Plaintiff's MPO are reasonable and necessary and not excessive, duplicative, or inadequately documented and therefore were reasonably expended for the tasks for which the Court has determined that ADW should be awarded its reasonable expenses.

But Ms. Matthews's declaration does not contain evidence – apart from her boilerplate statement that the rates charged are normal, customary, and reasonable – that the requested rates are in line with those prevailing in this community for similar services by lawyers of reasonably comparable skill, experience, and reputation. ADW has provided information on Ms. Matthews's experience level and qualifications and on Mr. Robin's experience level.

But ADW has not otherwise produced satisfactory evidence that the requested rates for its attorneys are in line with those prevailing in this community for similar services by lawyers of reasonably comparable skill, experience, and reputation.

-11-

Nevertheless, it is well-established that the Court may use its own expertise and judgment to make an appropriate independent assessment of the hourly rates charged for the attorneys' services. *See Davis v. Bd. of Sch. Comm'rs of Mobile Cnty.*, 526 F.2d 865, 868 (5th Cir. 1976); *see also Vanliner Ins. Co. v. DerMargosian*, No. 3:12-cv-5074-D, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014) (noting that the Court is an expert on the reasonableness of attorneys' fees).

The Court cannot find that hourly rates of $655.00 for a 15-year lawyer and $310.00 for a 1-year lawyer are reasonable and within the market rate for attorneys handling this type of litigation in the Dallas area. Rather, consistent with this Court's prior decisions and expertise and judgment as to what it is the market rate in this community for this work, the Court will award ADW fees for Ms. Matthews's work at a reasonable hourly rate of $450.00 and for Mr. Robin's work at a reasonable hourly rate of $250.

The Court has no basis, on this record, to find that Mr. Herring's or Mr. Campbell's requested rates are reasonable. While this deficiency may justify the denial of attorneys' fees for these lawyers entirely, the Court notes that Chief Judge Barbara M. G. Lynn has addressed such a deficiency in another case in the last few years. Where a plaintiff requesting attorneys' fees did not submit evidence of an associate's background information and failed to supply any supporting documentation to determine the prevailing market rate in the Dallas area, Judge Lynn reduced the requested rate by ten percent. *See S&H Indus., Inc. v. Selander*, No. 3:11-cv-2988-M-BH, 2014 WL 1116700, at *6 (N.D. Tex. Mar. 20, 2014). But the Court cannot find that

even a ten-percent discount of Mr. Herring's or Mr. Campbell's requested rates of $555.00 and $430.00 comport with the market rate in this community for this work by law firm associates. Accordingly, consistent with this Court's prior decisions and expertise and judgment as to what it is the market rate in this community for this work, the Court will award ADW fees for Mr. Herring's work at a reasonable hourly rate of $300.00 and for Mr. Campbell's work at a reasonable hourly rate of $275.00.

The Court therefore, having taken full account of Plaintiff's objections, finds the appropriate lodestar here to be calculated as 10.25 hours at $250.00 an hour ($2,562.50) for the work performed by associate Barrett T. Robin, 5.25 hours at $275.00 an hour ($1,443.75) for the work performed by associate Jordan C. Campbell, 9.75 hours at $300.00 an hour ($2,925.00) for the work performed by senior associate John R. Herring, and 1.00 hour at $450.00 an hour ($450.00) for the work performed by senior counsel Danielle M. Matthews, for a total of $7,381.25.

The Court has considered the *Johnson* factors but notes that the lodestar is presumed to be reasonable and should only be modified in exceptional cases. Here, the Court notes that Defendant has not claimed every hour billed as reflected on its invoices in connection with the work on the MTC and MPO. And ADW does not seek an enhancement of its attorneys' fees but, rather, requests only a fraction of them. But ADW also did not specifically explain any reduction for time attributable to the work on Request for Production Nos. 28, 29, 31, and 37 in its First Requests for Production and Interrogatory Nos. 7 and 10 in its First Set of Interrogatories in connection with these motions. Accordingly, the Court will reduce the lodestar down to $6,500.00 but

finds that there are no other exceptional circumstances.

## Conclusion

The Court GRANTS in part and DENIES in part Defendant ADW Corporation's Application for Attorneys' Fees [Dkt. No. 94] and, pursuant to Federal Rules of Civil Procedure 26(c)(3) and 37(a)(5), ORDERS Plaintiff Efrain Areizaga to, by **September 1, 2016**, pay Defendant ADW Corporation its reasonable attorneys' fees and costs incurred in making and briefing Defendant's Motion to Compel Written Discovery Responses and Production of Documents [Dkt. No. 54] and responding to Plaintiff's Second Motion for a Protective Order [Dkt. No. 60] – other than as to Request for Production Nos. 28, 29, 31, and 37 in Defendant ADW Corporation's First Requests for Production and Interrogatory Nos. 7 and 10 in Defendant ADW Corporation's First Set of Interrogatories – in the amount of $6,500.00.

SO ORDERED.

DATED: June 21, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE