IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EFRAIN AREIZAGA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-2899-B |
| | § | |
| ADW CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Efrain Areizaga ("Areizaga" or "Plaintiff") has filed a Motion for Summary Judgment [Dkt. No. 114] (the "MSJ") and an Amended Motion for a Protective Order Staying Discovery [Dkt. No. 120] (the "Motion to Stay"). Defendant ADW Corporation ("Defendant" or "ADW") in turn has filed an Emergency Rule 56(d) Motion for Continuance (the "56(d) Motion"). *See* Dkt. No. 123.

United States District Judge Jane J. Boyle has referred the Motion to Stay and the 56(d) Motion to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) for determination. *See* Dkt. Nos. 121 & 128.

Defendant has responded to the Motion to Stay, *see* Dkt. No. 126, and Plaintiff has filed a reply, *see* Dkt. No. 136. Plaintiff responded to the 56(d) Motion, *see* Dkt. No. 132, and Defendant filed a reply, *see* Dkt. No. 135.

For the reasons and to the extent explained below, the Court DENIES Plaintiff's

Motion to Stay and GRANTS Defendant's 56(d) Motion.[1]

## Background

Plaintiff filed his MSJ shortly after withdrawing his Motion for an Order to Show Cause Why Defendant, Defendant's Representative, Defendant's Attorneys & Law Firm Should not be in Indirect Criminal Contempt of Court [Dkt. No. 80] (the "Contempt Motion"). *See* Dkt. No. 110; Dkt. No. 114. He then filed his original motion seeking a stay of discovery based on his filing the MSJ and, shortly thereafter, the currently pending Motion to Stay. *See* Dkt. No. 116; Dkt. No. 120.

Defendant then filed its 56(d) Motion, asserting that Plaintiff's MSJ "is improper, and is nothing more than attempt to avoid participating in discovery" and requesting "an opportunity to conduct discovery in this lawsuit, including taking Plaintiff's deposition and obtaining discovery that is the subject of two items currently pending before the Court, before having to respond to Plaintiff's" MSJ. Dkt. No. 124 at 1.

The Court has ordered that, "[b]y September 16, 2016, all discovery – including discovery concerning expert witnesses – shall be completed." Dkt. No. 85 at 3. And the undersigned previously noted that, in findings and conclusions issued just before Plaintiff withdrew his Contempt Motion and filed his MSJ, "Defendant's counsel

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

reported that Plaintiff has responded to its discovery requests that were the subject of its [motion to compel]" and "that Defendant does not intend to challenge Plaintiff's responses, answers, and document production – even if Defendant believes there may be some issues with some aspects of them – and hopes to begin taking depositions soon and to move this case toward a resolution on the merits, either by a motion for summary judgment or, if necessary, trial." Dkt. No. 107 at 21-22.

This case is still in the midst of the discovery period. But, in his MSJ, Plaintiff now seeks an early resolution of the claims and defenses remaining in this case – and to cut off discovery – based on the same arguments that he asserted in his now-withdrawn Contempt Motion. *Compare* Dkt. No. 80, *with* Dkt. No. 114.

## Legal Standards and Analysis

<u>Plaintiff's Motion to Stay</u>

The Court does have discretion to stay discovery "for good cause shown." FED. R. CIV. P. 26(c)(1); *accord Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990). Under Federal Rule of Civil Procedure 26(c), the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). "[T]he burden is upon [the party seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l,* 134 F.3d 302, 306 (5th Cir. 1998) (citation omitted). A protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need

for protection. *See Landry*, 901 F.2d at 435. The Court has broad discretion in determining whether to grant a motion for a protective order. *See Harris v. Amoco Prod. Co.,* 768 F.2d 669, 684 (5th Cir. 1985).

Plaintiff has not shown good cause for a stay by, for example, establishing that he would suffer "annoyance, embarrassment, oppression, or undue burden or expense" absent a stay. FED. R. CIV. P. 26(c)(1). No federal rule, statute, or binding case law applies here to automatically stay discovery pending a ruling on a MSJ filed before the close of a discovery period, and filing a Federal Rule of Civil Procedure 56 motion for summary judgment does not automatically stay discovery until the motion is resolved. *Cf. Glazer's Wholesale Drug Co., Inc. v. Klein Foods, Inc.*, No. 3:08-cv-774-L, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008). In fact, while the rules do contemplate allowing discovery before responding to such a motion, as discussed below, a stay of all discovery pending a ruling on a motion for summary judgment "is the exception rather than the rule." *Id.* "[H]ad the Federal Rules contemplated that a [summary judgment] would stay discovery, the Rules would contain a provision to that effect." *Id.* (internal quotation marks omitted).

Whatever the merits of the arguments in Plaintiff's MSJ on the merits of certain claims and defenses, the Court determines that Plaintiff has not shown good cause to stop all discovery at this stage of the case. *Compare XL Specialty Ins. Co. v. Bollinger Shipyards, Inc.*, No. Civ. A. 12-2071, 2014 WL 3498030, at *2 (E.D. La. July 15, 2014); *U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 766, 767-68 (W.D. Tex. 2008). As Defendant correctly notes, granting Plaintiff's improper request would

end discovery before it has even substantially begun.

Plaintiff's Motion to Stay is DENIED.

Defendant's 56(d) Motion

Federal Rule of Civil Procedure 56(d) provides that the Court may defer a motion for summary judgment or allow time for a nonmovant to obtain affidavits or declarations or to take discovery if the nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." FED. R. CIV. P. 56(d). This rule is "designed to safeguard against a premature or improvident grant of summary judgment." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990). To justify a continuance, the Rule 56(d) motion must demonstrate (1) why the movant needs additional discovery and (2) how the additional discovery will likely create a genuine issue of material fact. *See Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534–35 (5th Cir. 1999) (construing former FED. R. CIV. P. 56(f)). In response to a proper motion for a continuance to obtain further discovery, the Court may "(1) defer considering the [summary judgment] motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. P. 56(d).

"Rule 56(d) discovery motions are broadly favored and should be liberally granted." *Integracolor, Ltd. v. McClure*, No. 3:13-cv-4357-B, 2014 WL 4209577, at *3 (N.D. Tex. Aug. 26, 2014) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010); internal quotation marks omitted). The Court generally should grant "a continuance for additional discovery if [the nonmovant]: (i) requested extended

discovery prior to [the Court's] ruling on summary judgment; (ii) placed [the Court] on notice that further discovery pertaining to the summary judgment motion was being sought; and (iii) demonstrated to [the Court] with reasonable specificity how the requested discovery pertained to the pending motion." *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994) (citations omitted) (construing former FED. R. CIV. P. 56(f)). But a Rule 56(d) "motion to re-open discovery [is] procedurally defective" – and therefore must be denied – if "a party requesting additional discovery as to facts essential to its opposition of a motion for summary judgment [fails] to present an affidavit or declaration." *Leza v. City of Laredo*, 496 F. App'x 375, 377-78 (5th Cir. 2012) (per curiam).

The nonmovant, however, must "present specific facts explaining his inability to make a substantive response ... and specifically demonstrating how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact" and defeat summary judgment. *Washington*, 901 F.2d at 1285 (internal quotations and citations omitted) (construing former FED. R. CIV. P. 56(f)). The nonmovant "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Raby*, 600 F.3d at 561 (quoting *SEC v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980)). "Rather, a request to stay summary judgment under [Rule 56(d)] must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'" *Id.*

(quoting *C.B. Trucking, Inc. v. Waste Management Inc.*, 137 F.3d 41, 44 (1st Cir. 1998)). The party requesting the additional discovery or extension also must show that relevant discovery has been diligently pursued. *See Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992). "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment." *Raby*, 600 F.3d at 561 (quoting *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir. 1999)).

Defendant has made the required showing, including through the Declaration of John Herring, *see* Dkt. No. 125, to justify its request for an order deferring consideration of Plaintiff's MSJ and stay all briefing associated with Plaintiff's MSJ until ADW has an opportunity to conduct discovery essential to justify ADW's opposition to the MSJ. And Plaintiff's assertion that Defendant has had plenty of time to take his deposition rings hollow in the face of the record before the Court. Defendant has shown with specificity that it seeks what it has diligently pursued since July 2015: an opportunity to conduct meaningful discovery before responding to a summary judgment motion and filing its own summary judgment motion. Plaintiff's strong belief in the merits of his arguments on summary judgment does not justify cutting Defendant off from discovery that it seeks to challenge Plaintiff's arguments and claims.

The Court determines that, pursuant to Rule 56(d), further briefing on Plaintiff's MSJ is stayed until after Plaintiff's deposition and after resolution of Defendant's pending Motion for a Ruling on Discovery of Plaintiff's Electronically Stored

Information [Dkt. No. 101] and Motion for Reconsideration of the Court's Memorandum Opinion and Order [Dkt. No. 100] and, if either of both of those motions is granted in whole or in part, after ADW has had a reasonable opportunity to obtain and analyze the information and materials sought through those discovery motions.

Possible Award of Expenses

Federal Rule of Civil Procedure 26(c)(3) provides that, in connection with a motion under Rule 26(c) for a protective order, Federal Rule of Civil Procedure "37(a)(5) applies to the award of expenses." FED. R. CIV. P. 26(c)(3). Federal Rule of Civil Procedure 37(a)(5)(B) provides that, "[i]f the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(B).

Defendant asserts that Plaintiff's conduct in filing his Motion to Stay "is improper, and merits an award of ADW's reasonable fees and expenses to ADW should the Court agree." Dkt. No. 126 at 8. The Court has concluded that the Motion to Stay is meritless and is denied but also concludes that the all of the circumstances presented here do not warrant an award of expenses against Plaintiff or, for that matter, a recommendation to Judge Boyle that Plaintiff's case should be dismissed under Federal Rule of Civil Procedure 41(b). *See id.* at 8-9. But Plaintiff is warned that

failing to fully participate in discovery going forward may subject him to appropriate sanctions.

## Conclusion

For the reasons and to the extent explained above, the Court DENIES Plaintiff's Motion for a Protective Order Staying Discovery [Dkt. No. 120] and GRANTS Defendant's Emergency Rule 56(d) Motion for Continuance [Dkt. No. 123].

The Court ORDERS the parties (1) to file a joint status report no later than 30 days after the later of (a) the Court's rulings on Defendant's Motion for a Ruling on Discovery of Plaintiff's Electronically Stored Information [Dkt. No. 101] and Motion for Reconsideration of the Court's Memorandum Opinion and Order [Dkt. No. 100] or (2) the completion of Plaintiff's deposition and (2) to provide in that report a date by which Defendant should be ordered to respond to Plaintiff's Motion for Summary Judgment [Dkt. No. 114] after having an opportunity to conduct discovery essential to justify ADW's opposition to the Motion for Summary Judgment as described above.

SO ORDERED.

DATED: June 28, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE