UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EFRAIN AREIZAGA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-2899-B |
| | § | |
| ADW CORPORATION, | § | |
| | § | |
| | § | |
| Defendant. | § | |

# MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Set Aside Final Judgment. Doc. 171. For the reasons that follow, the Court **DENIES** Plaintiff's Motion.

## I.

## BACKGROUND[1]

Pro se Plaintiff Efrain Areizaga asks the Court to vacate the settlement agreement that the parties reached after mediation and set aside the final judgment dismissing this case with prejudice. Doc. 171, Pl.'s Mot., 1. Plaintiff filed suit in 2014, alleging Defendant ADW Corporation (ADW), his former employer, violated the Fair Labor Standards Act by failing to pay him overtime wages. Doc. 1-2, App'x to Notice of Removal, Ex. 2. In 2016, the parties attended mediation and settled their claims. Doc. 165, ADR Summary. Nearly a year later, Areizaga filed this Motion, claiming that ADW's counsel threatened him during mediation and coerced him into signing the settlement

---

[1]The Court draws its factual history from the parties' briefing. Any contested fact is identified as the contention of a particular party.

agreement. Doc. 172, Pl.'s Br., 2–3.

Specifically, Areizaga claims that during mediation ADW told him that (1) Areizaga had taken proprietary information from ADW without its consent and that it could sue his current employer, Bartos Industries (Bartos) for that reason, (2) Areizaga had used Bartos' proprietary information in his motion for summary judgment, and (3) Areizaga could be blacklisted in the industry, presumably because of his use of proprietary information. *Id.* at 3. Areizaga claims the threats made him fear he would lose his job and he therefore felt coerced into signing the settlement agreement. *Id.* He also alleges that without telling Areizaga, ADW communicated the same information to Bartos' President, Christian Young, before the mediation and that ADW was required, but failed, to include this fact in its answer to one of Areizaga's interrogatories. *Id.* Areizaga argues that if he had known prior to mediation that ADW had already communicated these threats to Bartos, he would not have feared for the loss of his job and would not have agreed to settle his case. *Id.*

In his Motion to Set Aside, Areizaga claims he is entitled to relief pursuant to Federal Rule of Civil Procedure 60(b)(3), which provides relief from a judgment or order when there is fraud, misrepresentation, or misconduct by an opposing party. Doc. 171, Pl.'s Mot., 1. In his brief in support of his Motion, Areizaga makes a number of other claims against ADW based on the same set of alleged facts. These claims are either inapplicable to a Rule 60(b)(3) analysis or, like his Rule 60(b)(3) claim, turn on whether ADW committed fraud.[2] Therefore, the Court will analyze his

---

[2] It appears that Areizaga's additional claims are: (1) fraud on the court pursuant to Rule 60(d)(3); (2)common law fraud; (3) retaliation in violation of the FLSA; (4) violation of Federal Rules of Civil Procedure 11(b), 16(f), and 33(b)(3);(5) that the settlement agreement is void and unenforceable because of ADW's fraud; and (6) violation of 18 U.S.C. §1503-influencing or injuring an officer or juror.

Motion as one under Rule 60(b)(3).

## II.

## LEGAL STANDARD

The purpose of Federal Rule of Civil Procedure 60(b) "is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts." *Hesling v. CSX Transp. Inc.*, 396 F.3d 632, 638 (5th Cir. 2005). In order to see that justice is done, a court may relieve a party from final judgment. *Parker v. Wal-Mart Stores Inc.*, 464 F. App'x 224, 228 (5th Cir. 2010). Under Rule 60(b)(3), a court may relieve a party from final judgment when there is "fraud, . . . misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). "A party making a Rule 60(b)(3) motion must establish (1) that the adverse party engaged in fraud or misconduct and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *Hesling*, 396 F.3d at 641. "The moving party has the burden of proving the misconduct by clear and convincing evidence." *Id*.

---

*See* Doc. 172, Pl.'s Br., 4, 5, 11–13, 14, 16–17, 21. None of these claims have merit. Claims one, two, and five turn on whether ADW committed fraud. Because, as addressed in Section III, the Court finds ADW did not commit fraud, it dismisses claims one, two, and five. As for claim three, even if this Motion were a proper vehicle for bringing an FLSA retaliation claim, which it is not, Areizaga offers no binding legal authority to support his claim that seeking to "blacklist" a former employee at least three years after his termination constitutes an adverse employment action. *See id.* at 13. Regarding claim four, Areizaga's claim under Rule 11(b) is inapplicable as that rule governs a party's representations made to the court and ADW's interrogatory answers were not presented to the court. Fed. R. Civ. P. 11(b). Areizaga has no claim under Rule 16(f) because the statements he believes show that ADW did not participate in the mediation in good faith are confidential and inadmissible. And Rule 33(b)(3) states only that a party must fully answer an interrogatory; it does not provide relief for allegedly failing to do so. Fed. R. Civ. P. 33(b)(3). Finally, claim six is also inapplicable as Areizaga has not alleged ADW intimidated or influenced a juror or an officer of the Court.

## III.

## ANALYSIS

Areizaga argues that ADW's fraud is two-part. First, Areizaga argues that ADW failed to disclose in its answer to one of Areizaga's interrogatories that it had communicated with Bartos' President, Mr. Young. Doc. 172, Pl.'s Br., 3, 9. Areizaga claims that ADW's counsel told Mr. Young that Areizaga had used ADW's propriety information in his motion for summary judgment and ADW could sue Bartos because of that, and that Areizaga had used Bartos' propriety information in his motion for summary judgment. *Id.* at 2–3, 9. Areizaga claims his interrogatory that asked ADW to disclose any person with whom it had discussed the "events, allegations, [and] affirmative defenses" of the lawsuit required ADW to disclose its communications with Mr. Young. *Id.* at 14. Second, Areizaga claims that during mediation, ADW's counsel threatened him with the same information about Areizaga's use of proprietary information and told him that he could be blacklisted from the industry. *Id.* at 3, 8–9. Areizaga claims this threat made him fear for his job and coerced him into agreeing to settle. *Id.* He claims that if had known that ADW had already told Bartos that Areizaga had used the proprietary information at issue he would not have feared for his job and would not have agreed to settle. *Id.* at 3. Areizaga appears to argue that ADW's alleged failure to disclose its communications and its alleged threats during mediation are independent grounds for finding fraud under Rule 60(b)(3), although he also appears to argue that the combination of ADW's actions constitute fraud. Areizaga acknowledges that communications during mediation are typically confidential, but argues that ADW has waived their confidentiality by making the same statements to Mr. Young and because the crime-fraud exception applies. *Id.* at 18–19.

For its part, ADW disputes that the communications with Mr. Young or with Areizaga during

mediation ever occurred. *See* Doc. 174, Def.'s Resp., 3, 9. ADW also argues that even if Areizaga's allegations were true, Areizaga has not established he is entitled to relief under Rule 60(b)(3). First, ADW argues that its counsel's alleged communications with Mr. Young about ADW's and Bartos' propriety information fall under Texas's judicial proceedings privilege because they were made in relation to litigation. *Id.* at 4. Presumably, therefore, it was not required to disclose these communications in its answer to Areizaga's interrogatory. Second, ADW argues that even if its alleged actions did constitute fraud, Areizaga cannot demonstrate he was unable to fairly present his case. *Id.* at 6–9. ADW claims that because it told Areizaga that it planned to call Mr. Young as a witness and because Areizaga spoke freely about his lawsuit with Bartos employees, Areizaga knew that Bartos was aware of his lawsuit even though ADW did not disclose its alleged communications with Mr. Young. *Id.* at 5–7. Finally, ADW argues that communications between the parties during mediation are confidential and inadmissible and that ADW has not waived confidentiality. *Id.* 9–11.

Because Areizaga is a pro se litigant, the Court affords his brief "liberal construction." *McCreary v. Richardson*, 738 F.3d 651, 655 (5th Cir. 2013). But pro se litigants must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). Therefore, Areizaga must prove by clear and convincing evidence that ADW committed fraud even though he is pro se. *See id.*

Areizaga fails to prove by clear and convincing evidence that ADW engaged in fraud by either failing to disclose its alleged communications with Mr. Young or by threatening Areizaga during mediation.

    A.    *Alleged Communications with Mr. Young*

The Court will first tackle the purported communications with Mr. Young. Areizaga produces

no evidence other than his own affidavit that ADW told Mr. Young that Areizaga had used ADW's propriety information. *See* Doc. 172, Pl.'s Br., 9. Simply stating that the communication occurred does not prove that it in fact happened. And if Areizaga cannot prove that the communication occurred, there can be no fraud for failing to disclose the alleged communication.

To prove the alleged communication regarding Areizaga's use of Bartos' proprietary information, Areizaga points to his 2016 Personnel Action Form, which states that Mr. Young was informed by an ADW attorney that Areizaga had used Bartos' propriety information in his lawsuit. Doc. 173, Pl.'s App'x., Ex. 8. The Court declines to examine whether this Form is admissible or whether ADW's statements to Mr. Young were privileged. Even if the form is admissible and even if ADW should have disclosed that it spoke to Mr. Young in its interrogatory answer, its failure to do so does not constitute fraud. Areizaga's interrogatory asks ADW to list the names of those with whom it spoke about Areizaga's lawsuit. Doc. 172, Pl.'s Br., 14; Doc. 173, Pl.'s App'x., Ex. 2. It does not ask for the content of the conversations with those listed. Therefore, Areizaga would not have learned what ADW's counsel said to Mr. Young even if ADW had fully responded to the interrogatory. And including Mr. Young's name in its answer would have provided no new information to Areizaga, since ADW had already disclosed that it planned to call Mr. Young as a witness. Doc. 174, Def.'s Resp., 5–6; Doc. 175, Def.'s App'x, Ex. 1. Therefore, Areizaga was already aware that Mr. Young knew of his lawsuit against ADW. Thus, Areizaga has not proven that ADW engaged in fraud by failing to disclose its purported conversations with Mr. Young.

### B.     *ADW's Alleged Threats During Mediation*

Because the Court finds that Areizaga failed to prove that ADW committed fraud when responding to Areizaga's interrogatory, Areizaga's claim that ADW's failure to respond fully

combined with its threat during mediation constituted fraud must also fail. That leaves only Areizaga's claim that ADW's threat during mediation independently constitutes fraud. The Court finds that this claim fails also.

ADW's and Areizaga's communications during mediation are confidential and inadmissible in a judicial proceeding. The parties' mediation was subject to the Texas Alternative Dispute Resolution Procedures Act (Texas ADR Act). Doc. 175, Def.'s App'x, Ex. 4. Section 154.073 of the Act provides that "a communication relating to the subject matter of any civil or criminal dispute made by a participant in an alternative dispute resolution procedure . . . may not be used as evidence against the participant in any judicial or administrative proceeding." Tex. Civ. Prac. & Rem. Code Ann. § 154.073(a) (West 2001). Although there are several narrow exceptions to this rule, the Court does not believe any exception applies and neither party argues that any do.

Areizaga does argue that ADW waived the confidentiality of its statements during mediation by making the same statements to Mr. Young before mediation and because the crime-fraud exception applies. Doc. 172, Pl.'s Br., 17–19. The Court disagrees. Areizaga makes no legal argument that statements made prior to mediation operate as a waiver of the confidentiality of similar but separate statements made during mediation. The crime-fraud exception as it relates to ADW's alleged statements to Mr. Young is therefore inapplicable. The exception is also inapplicable to communications during mediation because it applies to material deemed confidential under the attorney-client privilege, not material made confidential under the Texas ADR Act. *See United States v. Edwards*, 303 F.3d 606, 618 (5th Cir. 2002). Therefore, because ADW's alleged threats during mediation are confidential and inadmissible, Areizaga has failed to prove by clear and convincing evidence that ADW's alleged threats during mediation constituted fraud. Because Areizaga fails to

prove ADW engaged in fraud or misconduct, he is not entitled to relief under Rule 60(b)(3).

V.

CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion.

**SO ORDERED.**

**DATED: February 12, 2018**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE