CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

2018 MAR -8  AM 8:37

DEPUTY CLERK____

| | | |
|---|---|---|
| EFRAIN AREIZAGA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-cv-2899 |
| | § | |
| ADW Corporation. | § | |
| | § | |
| Defendant. | § | |
| | § | |

## NOTICE OF APPEAL

Notice is hereby given that EFRAIN AREIZAGA, Plaintiff in the above named case, hereby appeals to the United States Court of Appeal for the Fifth Circuit from the following; Final order by the Honorable Jane J. Boyle; Memorandum Opinion and Order denying plaintiff's motion to set aside final judgment dismissing the case with prejudice rendered on February 12, 2018; and the following interlocutory orders of the Honorable Jorge Solis; order deny motion for reconsideration rendered in this action on August 17, 2015, order denying motion to strike rendered on May 21, 2015 and related order granting in part and denying in part defendant's motion to dismiss plaintiff's amended complaint rendered on May 19. 2015.

Respectfully submitted,
Efrain Areizaga, *Pro Se*

By: _____

**Efrain Areizaga, *Pro Se***
4241 Rufe Snow Drive, Apt. #1423
North Richland Hills, TX 76180
Telephone: (469) 297-0216
efrainareizaga@gmail.com

PLAINTIFF'S NOTICE OF APPEAL        Page - 1

## CERTIFICATE OF SERVICE

Notice of appeal was served on the defendant ADW Corp. via David Crittenden located at 1445 W. Beltline Rd. #104, Carrollton TX, 75006 and their attorney John R. Herring located at 2200 Ross Avenue, Suite 3600, Dallas, TX 75201-2784 via regular U.S. mail on March 8, 2018 pursuant to Rule 5 of the Federal Rules of Civil Procedures.

By: _____

**Efrain Areizaga,** *Pro Se*
4241 Rufe Snow Drive, Apt. #1423
North Richland Hills, TX 76180
Telephone:  (469) 297-0216
efrainareizaga@gmail.com

*Psalm 106:3 -  Blessed are those who keep justice, and he who does righteousness at all times!*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EFRAIN AREIZAGA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-2899-B |
| | § | |
| ADW CORPORATION, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Set Aside Final Judgment. Doc. 171. For the reasons that follow, the Court **DENIES** Plaintiff's Motion.

### I.

### BACKGROUND[1]

Pro se Plaintiff Efrain Areizaga asks the Court to vacate the settlement agreement that the parties reached after mediation and set aside the final judgment dismissing this case with prejudice. Doc. 171, Pl.'s Mot., 1. Plaintiff filed suit in 2014, alleging Defendant ADW Corporation (ADW), his former employer, violated the Fair Labor Standards Act by failing to pay him overtime wages. Doc. 1-2, App'x to Notice of Removal, Ex. 2. In 2016, the parties attended mediation and settled their claims. Doc. 165, ADR Summary. Nearly a year later, Areizaga filed this Motion, claiming that ADW's counsel threatened him during mediation and coerced him into signing the settlement

---

[1]The Court draws its factual history from the parties' briefing. Any contested fact is identified as the contention of a particular party.

-1-

agreement. Doc. 172, Pl.'s Br., 2–3.

Specifically, Areizaga claims that during mediation ADW told him that (1) Areizaga had taken proprietary information from ADW without its consent and that it could sue his current employer, Bartos Industries (Bartos) for that reason, (2) Areizaga had used Bartos' proprietary information in his motion for summary judgment, and (3) Areizaga could be blacklisted in the industry, presumably because of his use of proprietary information. *Id.* at 3. Areizaga claims the threats made him fear he would lose his job and he therefore felt coerced into signing the settlement agreement. *Id.* He also alleges that without telling Areizaga, ADW communicated the same information to Bartos' President, Christian Young, before the mediation and that ADW was required, but failed, to include this fact in its answer to one of Areizaga's interrogatories. *Id.* Areizaga argues that if he had known prior to mediation that ADW had already communicated these threats to Bartos, he would not have feared for the loss of his job and would not have agreed to settle his case. *Id.*

In his Motion to Set Aside, Areizaga claims he is entitled to relief pursuant to Federal Rule of Civil Procedure 60(b)(3), which provides relief from a judgment or order when there is fraud, misrepresentation, or misconduct by an opposing party. Doc. 171, Pl.'s Mot., 1. In his brief in support of his Motion, Areizaga makes a number of other claims against ADW based on the same set of alleged facts. These claims are either inapplicable to a Rule 60(b)(3) analysis or, like his Rule 60(b)(3) claim, turn on whether ADW committed fraud.[2] Therefore, the Court will analyze his

---

[2] It appears that Areizaga's additional claims are: (1) fraud on the court pursuant to Rule 60(d)(3); (2)common law fraud; (3) retaliation in violation of the FLSA; (4) violation of Federal Rules of Civil Procedure 11(b), 16(f), and 33(b)(3);(5) that the settlement agreement is void and unenforceable because of ADW's fraud; and (6) violation of 18 U.S.C. §1503-influencing or injuring an officer or juror.

Motion as one under Rule 60(b)(3).

## II.

## LEGAL STANDARD

The purpose of Federal Rule of Civil Procedure 60(b) "is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts." *Hesling v. CSX Transp. Inc.*, 396 F.3d 632, 638 (5th Cir. 2005). In order to see that justice is done, a court may relieve a party from final judgment. *Parker v. Wal-Mart Stores Inc.*, 464 F. App'x 224, 228 (5th Cir. 2010). Under Rule 60(b)(3), a court may relieve a party from final judgment when there is "fraud, . . . misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). "A party making a Rule 60(b)(3) motion must establish (1) that the adverse party engaged in fraud or misconduct and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *Hesling*, 396 F.3d at 641. "The moving party has the burden of proving the misconduct by clear and convincing evidence." *Id.*

---

*See* Doc. 172, Pl.'s Br., 4, 5, 11–13, 14, 16–17, 21. None of these claims have merit. Claims one, two, and five turn on whether ADW committed fraud. Because, as addressed in Section III, the Court finds ADW did not commit fraud, it dismisses claims one, two, and five. As for claim three, even if this Motion were a proper vehicle for bringing an FLSA retaliation claim, which it is not, Areizaga offers no binding legal authority to support his claim that seeking to "blacklist" a former employee at least three years after his termination constitutes an adverse employment action. *See id.* at 13. Regarding claim four, Areizaga's claim under Rule 11(b) is inapplicable as that rule governs a party's representations made to the court and ADW's interrogatory answers were not presented to the court. Fed. R. Civ. P. 11(b). Areizaga has no claim under Rule 16(f) because the statements he believes show that ADW did not participate in the mediation in good faith are confidential and inadmissible. And Rule 33(b)(3) states only that a party must fully answer an interrogatory; it does not provide relief for allegedly failing to do so. Fed. R. Civ. P. 33(b)(3). Finally, claim six is also inapplicable as Areizaga has not alleged ADW intimidated or influenced a juror or an officer of the Court.

## III.

## ANALYSIS

Areizaga argues that ADW's fraud is two-part. First, Areizaga argues that ADW failed to disclose in its answer to one of Areizaga's interrogatories that it had communicated with Bartos' President, Mr. Young. Doc. 172, Pl.'s Br., 3, 9. Areizaga claims that ADW's counsel told Mr. Young that Areizaga had used ADW's propriety information in his motion for summary judgment and ADW could sue Bartos because of that, and that Areizaga had used Bartos' propriety information in his motion for summary judgment. *Id.* at 2–3, 9. Areizaga claims his interrogatory that asked ADW to disclose any person with whom it had discussed the "events, allegations, [and] affirmative defenses" of the lawsuit required ADW to disclose its communications with Mr. Young. *Id.* at 14. Second, Areizaga claims that during mediation, ADW's counsel threatened him with the same information about Areizaga's use of proprietary information and told him that he could be blacklisted from the industry. *Id.* at 3, 8–9. Areizaga claims this threat made him fear for his job and coerced him into agreeing to settle. *Id.* He claims that if had known that ADW had already told Bartos that Areizaga had used the proprietary information at issue he would not have feared for his job and would not have agreed to settle. *Id.* at 3. Areizaga appears to argue that ADW's alleged failure to disclose its communications and its alleged threats during mediation are independent grounds for finding fraud under Rule 60(b)(3), although he also appears to argue that the combination of ADW's actions constitute fraud. Areizaga acknowledges that communications during mediation are typically confidential, but argues that ADW has waived their confidentiality by making the same statements to Mr. Young and because the crime-fraud exception applies. *Id.* at 18–19.

For its part, ADW disputes that the communications with Mr. Young or with Areizaga during

mediation ever occurred. *See* Doc. 174, Def.'s Resp., 3, 9. ADW also argues that even if Areizaga's allegations were true, Areizaga has not established he is entitled to relief under Rule 60(b)(3). First, ADW argues that its counsel's alleged communications with Mr. Young about ADW's and Bartos' propriety information fall under Texas's judicial proceedings privilege because they were made in relation to litigation. *Id.* at 4. Presumably, therefore, it was not required to disclose these communications in its answer to Areizaga's interrogatory. Second, ADW argues that even if its alleged actions did constitute fraud, Areizaga cannot demonstrate he was unable to fairly present his case. *Id.* at 6–9. ADW claims that because it told Areizaga that it planned to call Mr. Young as a witness and because Areizaga spoke freely about his lawsuit with Bartos employees, Areizaga knew that Bartos was aware of his lawsuit even though ADW did not disclose its alleged communications with Mr. Young. *Id.* at 5–7. Finally, ADW argues that communications between the parties during mediation are confidential and inadmissible and that ADW has not waived confidentiality. *Id.* 9–11.

Because Areizaga is a pro se litigant, the Court affords his brief "liberal construction." *McCreary v. Richardson*, 738 F.3d 651, 655 (5th Cir. 2013). But pro se litigants must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). Therefore, Areizaga must prove by clear and convincing evidence that ADW committed fraud even though he is pro se. *See id.*

Areizaga fails to prove by clear and convincing evidence that ADW engaged in fraud by either failing to disclose its alleged communications with Mr. Young or by threatening Areizaga during mediation.

A.    *Alleged Communications with Mr. Young*

The Court will first tackle the purported communications with Mr. Young. Areizaga produces

no evidence other than his own affidavit that ADW told Mr. Young that Areizaga had used ADW's propriety information. *See* Doc. 172, Pl.'s Br., 9. Simply stating that the communication occurred does not prove that it in fact happened. And if Areizaga cannot prove that the communication occurred, there can be no fraud for failing to disclose the alleged communication.

To prove the alleged communication regarding Areizaga's use of Bartos' proprietary information, Areizaga points to his 2016 Personnel Action Form, which states that Mr. Young was informed by an ADW attorney that Areizaga had used Bartos' propriety information in his lawsuit. Doc. 173, Pl.'s App'x., Ex. 8. The Court declines to examine whether this Form is admissible or whether ADW's statements to Mr. Young were privileged. Even if the form is admissible and even if ADW should have disclosed that it spoke to Mr. Young in its interrogatory answer, its failure to do so does not constitute fraud. Areizaga's interrogatory asks ADW to list the names of those with whom it spoke about Areizaga's lawsuit. Doc. 172, Pl.'s Br., 14; Doc. 173, Pl.'s App'x., Ex. 2. It does not ask for the content of the conversations with those listed. Therefore, Areizaga would not have learned what ADW's counsel said to Mr. Young even if ADW had fully responded to the interrogatory. And including Mr. Young's name in its answer would have provided no new information to Areizaga, since ADW had already disclosed that it planned to call Mr. Young as a witness. Doc. 174, Def.'s Resp., 5–6; Doc. 175, Def.'s App'x, Ex. 1. Therefore, Areizaga was already aware that Mr. Young knew of his lawsuit against ADW. Thus, Areizaga has not proven that ADW engaged in fraud by failing to disclose its purported conversations with Mr. Young.

B.      *ADW's Alleged Threats During Mediation*

Because the Court finds that Areizaga failed to prove that ADW committed fraud when responding to Areizaga's interrogatory, Areizaga's claim that ADW's failure to respond fully

-6-

combined with its threat during mediation constituted fraud must also fail. That leaves only Areizaga's claim that ADW's threat during mediation independently constitutes fraud. The Court finds that this claim fails also.

ADW's and Areizaga's communications during mediation are confidential and inadmissible in a judicial proceeding. The parties' mediation was subject to the Texas Alternative Dispute Resolution Procedures Act (Texas ADR Act). Doc. 175, Def.'s App'x, Ex. 4. Section 154.073 of the Act provides that "a communication relating to the subject matter of any civil or criminal dispute made by a participant in an alternative dispute resolution procedure . . . may not be used as evidence against the participant in any judicial or administrative proceeding." Tex. Civ. Prac. & Rem. Code Ann. § 154.073 (a) (West 2001). Although there are several narrow exceptions to this rule, the Court does not believe any exception applies and neither party argues that any do.

Areizaga does argue that ADW waived the confidentiality of its statements during mediation by making the same statements to Mr. Young before mediation and because the crime-fraud exception applies. Doc. 172, Pl.'s Br., 17–19. The Court disagrees. Areizaga makes no legal argument that statements made prior to mediation operate as a waiver of the confidentiality of similar but separate statements made during mediation. The crime-fraud exception as it relates to ADW's alleged statements to Mr. Young is therefore inapplicable. The exception is also inapplicable to communications during mediation because it applies to material deemed confidential under the attorney-client privilege, not material made confidential under the Texas ADR Act. *See United States v. Edwards*, 303 F.3d 606, 618 (5th Cir. 2002). Therefore, because ADW's alleged threats during mediation are confidential and inadmissible, Areizaga has failed to prove by clear and convincing evidence that ADW's alleged threats during mediation constituted fraud. Because Areizaga fails to

-7-

prove ADW engaged in fraud or misconduct, he is not entitled to relief under Rule 60(b)(3).

## V.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion.

**SO ORDERED.**

**DATED: February 12, 2018**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2015 AUG 17  PM 3: 32

DEPUTY CLERK_____

Efrain Areizaga,                          §
                                          §
          Plaintiff,                      §
                                          §
v.                                        §          3:14-CV-2899-P
                                          §
ADW Corporation,                          §
                                          §
          Defendant.                      §

## ORDER

Now before the Court are Plaintiff's Motion for Reconsideration, doc. 36, Motion to Stay, doc. 41, and Motion for Protective Order, doc. 42. After reviewing the parties' briefing and the applicable law, the Court DENIES Plaintiff's motions.

Plaintiff asks the Court to reconsider its previous Order denying Plaintiffs' requests to strike Defendant's Answer. A motion seeking "reconsideration" of an order is generally considered a motion to "alter or amend" that order under Rule 59(e) of the Federal Rules of Civil Procedure. *See, e.g., Rains v. BNSF Ry. Co.*, 578 F.Supp.2d 842, 848 (N.D. Tex. 2008) (rev'd on other grounds) (citing *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004)). Reconsideration is "an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479. A Rule 59 motion is not the proper vehicle for "rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order]." *Id.* at 479. Rather, reconsideration is only appropriate to correct "manifest errors of law or fact, or to present newly discovered evidence." *Id.*

The Court denies Plaintiff's Motion to Reconsider the denial of his request to strike Defendant's Answer as untimely for the same reason it previously did:

Plaintiff argues that Defendant failed to timely file an Answer to Plaintiff's complaint. Defendant contends that the time to file an Answer was tolled by Federal Rules of Civil Procedure 12(a)(4). Rule 15(a)(3) states that "any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3). However, Defendant contends that because it timely filed a motion to dismiss before its Answer was due the deadline to file a responsive pleading is governed by Federal Rule 12(a)(4), []. Therefore, Defendant's Answer was due 14 days after the Court ruled on Defendant's first motion to dismiss. The Court agrees with Defendant. The Court ruled on Defendant's first motion to dismiss on March 19, 2015. Based on the Federal Rules of Civil Procedure discussed above, Defendant's Answer was due on April 2, 2015. Defendant filed its Answer on that day. Therefore, Defendant's Answer was timely filed.

Doc. 33 at 6.

Moreover, the timelines under Rule 81, which Plaintiff relies on, stopped applying once Plaintiff amended its pleadings.[1] *See* doc. 36 at 1-2. At that point, Rule 15 governed until Defendant filed its Motion to Dismiss. Once Defendant filed its Motion to Dismiss, Rule 12(a) became controlling. *See Clark v. Commercial State Bank.* Cause No. MO-00-CA-140, 2001 WL 685529, at *1 (W.D. Tex. Apr. 16, 2001) ("If a defendant chooses to file a Rule 12(b) motion prior to filing an answer, then Rule 12(a)(4)(A) suspends the deadline for answering the complaints.").

Additionally, Plaintiff has presented no evidence of the types of "harm" or "prejudice" necessary to support a Motion to Strike under Rule 12(f) of the Federal Rules of Civil Procedure. Plaintiff merely voices his disagreement and displeasure with Defendant's defenses and factual assertions in this case. Plaintiff's general argument that he is "prejudiced by defendant's bad faith denials" fails because a Rule 12(f) motion is unavailable where a party simply complains of an alleged "mischaracterization of facts." *See, e.g., Idar v. Cooper Tire & Rubber Co.*, No. C–

---

[1] Plaintiff also relies on *General Mills, Inc. v. Kraft Foods Global, Inc.*, 495 F.3d 1378, 1379 (Fed. Cir. 2007). However, his reliance is misplaced because in *Kraft*, unlike here, the time to respond to the original complaint had expired. *Id.*

10–217, 2010 WL 3702579, at *3-4 (S.D. Tex. Sept. 15, 2010).   Further, mere conclusory statements about "unfair prejudice" are not enough to support a Rule 12(f) motion to strike. *Auto Wax Co., Inc. v. Mothers Polishes Waxes Cleaners, Inc.*, No. Civ.A. 301-CV-1940-G, 2002 WL 368526, at *2 (N.D. Tex. Mar. 5, 2002).

Finally, because Plaintiff's Motions for Protective Order and Stay are predicated on the Court issuing a ruling on Plaintiff's Motion for Reconsideration, and said motion is DENIED, Plaintiff's Motions for Protective Order and Stay are DENIED as moot.

**IT IS SO ORDERED.**

Signed this ___17th___ day of August, 2015.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Efrain Areizaga, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | 3:14-CV-2899-P |
| | § | |
| ADW Corporation, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Now before the Court are: Plaintiff's Motion to Strike Defendant's Answer and Defenses, filed on April 23, 2015, doc. 28; Plaintiff's Motion to Disqualify Defendant's Attorneys and Their Law Firm, filed on April 30, 2015, doc. 30; and Defendant's Motion to Strike Plaintiff's Memorandum in Support of Plaintiff's Motion to Disqualify Defendant's Attorneys and their Law Firm, filed on May 11, 2015, doc. 31. After reviewing the parties' briefing and the applicable law, the Court DENIES all motions.

### a. Motion to Strike Defendant's Answer

Plaintiff asks the Court to strike as untimely Defendant's Answer to Plaintiff's Amended Complaint. *See* doc. 28. The Court addressed this issue in its May 19, 2015 Order. Doc. 33. After reviewing Plaintiff's motion, the Court reaches the same conclusion that it reached in its previous Order. *See* doc. 33 at 6. Accordingly, Plaintiff's motion, doc. 28, is denied.

### b. Motion to Disqualify

Plaintiff asks the Court to disqualify Defendant's attorneys and their law firm based on a conflict of interest. *See* doc. 30. The Court has already addressed this issue in its May 19, 2015 Order. Doc. 33. After reviewing Plaintiff's motion, doc. 30, the Court denies it for the same reasons stated in the Court's previous Order. *See* doc. 33 at 7-8

    **c. Motion to Strike Plaintiff's Memorandum Supporting his Motion to Disqualify Defendant's Attorneys**

Because the Court denies Plaintiff's motion to disqualify Defendant's attorneys, doc. 30,

Defendant's motion, doc. 31, is denied as moot.

    **IT IS SO ORDERED.**

Signed this _21st_ day of May, 2015.

_Jorge A Solis_
              JORGE A. SOLIS
              UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



Efrain Areizaga,                          §
                                          §
        Plaintiff,                        §
v.                                        §        3:14-CV-2899-P
                                          §
ADW Corporation,                          §
                                          §
        Defendant.                        §

**ORDER**

Now before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint, filed on September 30, 2014. Doc. 12. Plaintiff filed a Response on October 31, 2015. Doc. 17. Defendant filed a Reply on November 13, 2014. Doc. 18. Plaintiff filed a Surreply on November 21, 2014. Doc. 19. Also before the Court are Defendant's Motion for Hearing on its Motion to Dismiss, doc. 20, and Plaintiff's Motion to Disqualify Defendant's Attorneys, doc. 22. After reviewing the parties' briefing, the pleadings, and the applicable law, the Court GRANTS in part and DENIES in part Defendant's motion to dismiss. Plaintiff may proceed with his FLSA claims and his breach contract claim based on alleged unpaid commissions. Accordingly, Defendant's motion for hearing on its motion to dismiss is DENIED as moot. Moreover, the Court strikes Plaintiff's Surreply from the record. Additionally, the Court DENIES Plaintiff's motion to disqualify Defendant's attorneys.

## I.    Introduction

Plaintiff is a former employee of Defendant. He brings claims for unpaid wages and overtime under the Fair Labor Standards Act ("FLSA"), as well as claims of breach of contract, quantum meruit, promissory estoppel, fraudulent inducement, fraudulent misrepresentation, and

negligent misrepresentation. *See* Doc. 9. Defendant asserts that Plaintiff's complaint fails to state viable claims for relief. *See* Doc. 13.

## II.   Legal Standard

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short, plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Federal Rule 12(b)(6) provides for the dismissal of a complaint when a defendant shows that the plaintiff has failed to state a claim for which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual matter contained in the complaint must allege actual facts, not legal conclusions masquerading as facts. *Id.* ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" (quoting *Twombly*, 550 U.S. at 555)). Additionally, the factual allegations of a complaint must state a plausible claim for relief. *Id.* at 679. A complaint states a "plausible claim for relief" when the factual allegations contained therein infer actual misconduct on the part of the defendant, not a "mere possibility of misconduct." *Id.*; *see also Jacquez v. Procunier*, 801 F.2d 789, 791–92 (5th Cir. 1986).

The Court's focus in a 12(b)(6) determination is not whether the plaintiff should prevail on the merits but rather whether the plaintiff has failed to state a claim. *Twombly*, 550 U.S. at 563 n.8 (holding "when a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder."); *Scheuer v. Rhodes*, 416 U.S.

232, 236 (1974) (overruled on other grounds) (finding the standard for a 12(b)(6) motion is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims").

A *pro se* plaintiff's pleadings are construed liberally and with all well-pleaded allegations taken as true. *Perez v. United States*, 312 F.3d 191, 194–96 (5th Cir. 2002). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At the same time, a court may dismiss a frivolous complaint when it is based on indisputably meritless legal theories or when the factual allegations are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Moreover, *pro se* litigants are not excused from complying with the law and procedural rules. *See Washington v. E. Baton Rouge Parish Sch. Sys.*, 471 F. App'x 306 (5th Cir. 2012).

### III.   Analysis

#### a.   Breach of contract, quantum meruit, and fraud claims to recover FLSA wages.

Defendant argues that Plaintiff's state law claims should be dismissed to the extent that he seeks to recover minimum wages or overtime pay because those claims are preempted by the FLSA. *See, e.g., Coberly v. Christus Health*, 829 F. Supp. 2d 521, 525 (N.D. Tex. 2011). Plaintiff alleges as part of his state law claims that he was not compensated for overtime wages. Doc. 13 at 10 (citing to Plaintiff's Complaint). In response, Plaintiff seems to withdraw his tort claims to the extent that those claims are based on unpaid wages recoverable under FLSA. *See* Doc. 17 at 11-12.

Based on Defendant's cited authority and on Plaintiff's voluntary dismissal of his tort claims, the Court dismisses Plaintiff's tort claims and his breach of contract claim to the extent that Plaintiff seeks to recover damages for unpaid minimum wages and overtime.

Plaintiff's breach of contract claim to the extent that he seeks to recover damages for Defendant's failure to provide inside calls, *see* doc. 9 at 11, is also dismissed because Plaintiff's own complaint negates such claim. In his complaint, Plaintiff admits to receiving inside sales calls. *See* Doc. 9 at 26. Therefore, Plaintiff fails to plead a breach of contract claim based on Defendant's alleged failure to provide him inside sales calls.

However, The Court finds that Plaintiff has properly plead a breach of contract claim to the extent that he seeks to recover unpaid commissions. In his complaint, Plaintiff asserts that under the alleged employment agreement, he was entitled to a 10% commission from inside sales calls. Doc. 9 at 13. He goes on to assert Defendant failed to pay him a commission from the Winco sale. Doc. 9 at 12. Therefore, the Court finds that Plaintiff's allegations are sufficient to state a plausible claim for relief.

### b. Promissory estoppel.

As an alternative to his breach of contract claim, Plaintiff brings a promissory estoppel cause of action. Defendant's asserts that Plaintiff's claim is insufficiently plead. Doc. 13 at 17. To establish a promissory estoppel cause of action, the plaintiff must show: a promise that the promisee would foreseeably rely on; substantial reliance to the promisee's detriment; and a finding that injustice can only be avoided by enforcing the promise. *Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 864 (5th Cir. 1999). In Texas, "[t]he doctrine of promissory estoppel applies only where no contract on the subject matter exists." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 654 F. Supp. 2d 536, 544 (N.D. Tex. 2009) (citing *Subaru of America, Inc. v. David McDavid Nissan, Inc.,* 84 S.W.3d 212, 226 (Tex. 2002)). Therefore, where a party alleges a valid contract governing the dispute at issue, Texas law precludes recovery under promissory estoppel. *Jhaver v. Zapata Off-Shore Co.*, 903 F.2d 381, 385 (5th Cir. 1990). Because Plaintiff relies on promises

made in the employment contract, he is precluded from recovering under a promissory estoppel cause of action. Accordingly, Plaintiff's promissory estoppel claim is dismissed.

### c.   Fraud and negligent misrepresentation.

Defendant argues that Plaintiff's claims should be dismissed because they fail to meet the pleading standard under Federal Rules of Civil Procedure 9(b)—stating with particularity the circumstances of the fraud. Defendant also argues that Plaintiff's claims are barred by the economic-loss rule. Plaintiff cites to several portions of his complaint to argue that he has met the Rule 9(b) standard. *See* Doc. 17 at 5-10. Additionally, Plaintiff asserts that the economic-loss rule is inapplicable to the present facts.

Plaintiff bases his fraud and negligent misrepresentation causes of action on alleged misrepresentations in the employment agreement, doc. 9 at 19. Specifically, Plaintiff alleges that Defendant falsely and intentionally represented that Plaintiff would be involved in random inside sales calls and would receive a 10% commission from those calls. *See* Doc. 9 at 14-16.

Plaintiff fails to properly plead his claims. Plaintiff's complaint states that he did receive sales calls and commissions. *See* Doc. 9 at 6-9, 11. Plaintiff's claims cannot be based on alleged misrepresentations that his own complaint refutes. Plaintiff may be unhappy with the amount of sales calls he received, but Plaintiff's dissatisfaction does not amount to fraud or misrepresentation. Moreover, all of Plaintiff's claims arise out of the employment agreement and the damages he seeks are based on Defendant's alleged breach of the agreement. When the only measure of damages sought are contract damages, the economic loss rule bars fraud-based and negligent misrepresentation claims. *Lamar Homes, Inc. v. Mid-Continent Gas Co.*, 242 S.W.3d 1, 12 (Tex. 2007). Therefore, Plaintiff's claims are dismissed.

### d. Defendant's Answer.

Plaintiff argues that Defendant failed to timely file an Answer to Plaintiff's complaint. *See* Doc. 17 at 1. Defendant contends that the time to file an Answer was tolled by Federal Rules of Civil Procedure 12(a)(4). Doc. 18 at 3.

Rule 15(a)(3) states that "any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3). However, Defendant contends that because it timely filed a motion to dismiss before its Answer was due, *see* doc. 6, the deadline to file a responsive pleading is governed by Federal Rule 12(a)(4), which states:

> Unless the court sets a different time, serving a motion under this rule alters [the time to file a response] as follows: (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action; or (B) if the court grants a motion for a more definite statement, the responsive pleading must be served within 14 days after the more definite statement is served.

Fed. R. Civ. P. 12(a)(4). Therefore, Defendant's Answer was due 14 days after the Court ruled on Defendant's first motion to dismiss.

The Court agrees with Defendant. The Court ruled on Defendant's first motion to dismiss on March 19, 2015. *See* Doc. 25. Based on the Federal Rules of Civil Procedure discussed above, Defendant's Answer was due on April 2, 2015. Defendant filed its Answer on that day. Therefore, Defendant's Answer was timely filed.

### e. Plaintiff's Surreply.

Plaintiff filed a Surreply in opposition to Defendant's motion to dismiss. Doc. 19. Local Rule 56.7 allows for the filing of supplemental briefs with the permission of the presiding judge.

N.D. Tex. R. 56.7. Moreover, "[a] surreply is appropriate by the non-movant only when the movant raises new legal theories or attempts to present new evidence at the reply stage." *Murray v. TXU Corp.*, No. Civ. A. 3:03-CV-0888P, 2005 WL 1313412, at *4 (N.D. Tex. May 27, 2005).

The Court strikes Plaintiff's Surreply from the record. Plaintiff filed his Surreply without leave of Court. But perhaps more determinative is the fact that Defendant did not raise any new legal theories or attempted to present new evidence in its motion to dismiss briefing. Therefore, a Surreply is not proper in this case.

### f. Plaintiff's motion to disqualify Defendant's attorneys.

Plaintiff argues that Defendant's attorneys should be disqualified based on a conflict of interest and because of their gross negligence. Doc. 22 at 3. Defendant argues that Plaintiff lacks standing to bring a third party motion to disqualify. Doc. 23 at 2.

The general rule is that non-clients have no standing to bring a motion to disqualify the other side's counsel. *In re Am. Airlines, Inc.*, 972 F.2d 605, 614 (5th Cir. 1992); *In re Yarn Processing Patent Validity Litig.*, 530 F.2d 83, 88–89 (5th Cir. 1976). This is because the primary issue addressed in disqualification motions is preserving the attorney-client privilege on behalf of a former client. *See, e.g., In re Yarn Processing*, 530 F.2d at 90. Moreover, the conflict of interest rules are not designed to "allow an unauthorized surrogate" such as Plaintiff to attempt to use the conflict rules for improper purposes. *Id.* at 90.

As alluded above, former clients may seek to disqualify their former counsel. *In re Am. Airlines, Inc.*, 972 F.2d at 614; *In re Yarn Processing Patent Validity Litig.*, 530 F.2d at 88–89. Additionally, the aggrieved party may move for disqualification in cases where there has been a "change of sides" by an attorney. *See Clemens v. McNamee*, No. 4:08-CV-00471, 2008 WL 1969315, at *3 (S.D. Tex. May 6, 2008).

Here, Plaintiff is not a former client of Defendant's counsel, nor this is a case where a "change of sides" has occurred.  Therefore, Plaintiff has no standing to move for disqualification. Moreover, the Court does not find that Plaintiff's allegations of attorney misconduct and gross negligence, *see* doc. 24 at 5-7, warrant the Court to disqualify Defendant's attorneys.  Accordingly, Plaintiff's motion is denied.

## IV.   Conclusion

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendant's motion to dismiss.  Plaintiff may proceed with his FLSA claims and his breach contract claim based on the alleged unpaid commission for the Winco sale.  Additionally, the Court DENIES Defendant's motion for hearing on its motion to dismiss.  The Court also strikes Plaintiff's surreply.  Lastly, the Court DENIES Plaintiff's motion to disqualify Defendant's attorney.

**IT IS SO ORDERED.**

Signed this ___14th___ day of May, 2015.


_Jorge A. Solis_

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE