# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10304

United States Court of Appeals
Fifth Circuit
**FILED**
January 3, 2020
Lyle W. Cayce
Clerk

EFRAIN AREIZAGA,

    Plaintiff - Appellant

v.

ADW CORPORATION,

    Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-2899

Before SOUTHWICK, WILLETT, and OLDHAM, Circuit Judges.

PER CURIAM:*

    The plaintiff is a former employee of the defendant. Among his various claims was that his employer violated the Fair Labor Standards Act. The district court ordered mediation, which seemingly was successful. The parties executed a settlement agreement, and the plaintiff dismissed his suit. On appeal now is the district court's denial of the plaintiff's year-later motion for relief from that judgment. We AFFIRM.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10304

## FACTUAL AND PROCEDURAL BACKGROUND

From 2010 to 2013, Efrain Areizaga worked for ADW Corporation, which provides heating and cooling equipment and architectural products in north Texas. Areizaga was involved with preparing price estimates for sales of the products. It is ADW's position that Areizaga voluntarily ended his employment in June 2013. Areizaga disagrees. He brought suit in Texas state court in July 2014, claiming ADW through contract breaches, tortious conduct, and violations of the Fair Labor Standards Act, caused his resignation. ADW timely removed the case to the United States District Court for the Northern District of Texas.

The parties settled after participating in court-ordered mediation in 2016. On Areizaga's motion, the district court dismissed the case with prejudice in August 2016. Less than a year later, Areizaga moved for relief from the final judgment under Rule 60 of the Federal Rules of Civil Procedure, claiming fraud and intimidation during the mediation. The district court denied the motion on February 12, 2018, and Areizaga noticed his appeal on March 8.

Areizaga seeks review of three interlocutory orders of the district court that predate the order of dismissal. He also seeks reversal of the district court's denial of his Rule 60(b)(3) motion.

## DISCUSSION

We do not have jurisdiction over the three orders predating the final judgment that followed Areizaga's motion to dismiss. That is because there was no timely appeal of the final judgment. A party dissatisfied with a final judgment has 30 days to file a notice of appeal. 28 U.S.C. § 2107(a); FED. R. APP. P. 4. Failure to appeal within the statutory period is a jurisdictional failure. *Bowles v. Russell*, 551 U.S. 205, 210–11 (2007). Here, more than a year passed between the final judgment and the current appeal.

No. 18-10304

Jurisdiction does exist, though, over the appeal of the denial of the Rule 60(b)(3) motion. We review the district court's denial of that motion for an abuse of discretion. *Bailey v. Cain*, 609 F.3d 763, 767 (5th Cir. 2010).

Areizaga claims entitlement to relief from the final judgment on the basis of "fraud . . . , misrepresentation, or misconduct by an opposing party." FED. R. CIV. P. 60(b)(3). To succeed on such a motion, the movant must show by clear and convincing evidence "(1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005).

Areizaga claims that ADW engaged in fraud and misconduct by failing to answer fully a discovery request and by allegedly threatening him during mediation. The threat allegedly is what led to his agreement to settle the case. Areizaga feared losing his job because ADW allegedly threatened legal action against his new employer, Bartos, due to Areizaga's use of ADW's proprietary information. ADW also allegedly communicated with Bartos about the use of proprietary information. Areizaga asserts that he would not have worried about his job, and thus would not have been as susceptible to threats, had he known that ADW directly communicated with his employer.

The district court concluded that Areizaga failed to prove ADW engaged in fraud by its response to a discovery request. A party engages in misconduct under Rule 60(b)(3) when it knowingly fails to disclose evidence called for by a discovery order. *Government Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 772–73 (5th Cir. 1995). Although discovery orders are different from discovery requests, we do not endorse the district court's view that failing to give a complete and accurate answer to an interrogatory is not fraud or misconduct. We agree with the district court, though, that the allegedly incomplete response here could not have had any effect. The interrogatory

3

asked ADW to "identify" those with whom ADW had communicated about the lawsuit, but the interrogatory did not ask for the contents of the communications. Areizaga alleges that ADW communicated with the president of Bartos about the lawsuit, but ADW did not list Bartos in its response to the interrogatory. Still, ADW had already disclosed that it planned to call the president of Bartos as a witness. Areizaga therefore did not prove that any nondisclosure prevented him from "fully and fairly presenting his case." *Gov't Fin. Servs.*, 62 F.3d at 773. Accordingly, relief was not warranted under Rule 60(b)(3).

The district court also rejected the argument that the alleged threats warranted relief from judgment. The court held that there was no admissible evidence of threats because confidentiality protections for mediation applied to any threatening statements. Texas law protects statements made during mediation, with limited, enumerated, and inapplicable exceptions. TEX. CIV. PRAC. & REM. CODE ANN. § 154.073. Areizaga does not identify any statutory exception. Instead, he argues that confidentiality for mediation should not apply because of the crime-fraud exception, and because ADW waived confidentiality by communicating with Areizaga's employer about the mediation. He also suggests that the district court erred by implying that threats made during mediation are "substantive" to the mediation process and, thus, confidential. Areizaga's only evidence was his own account of the statements.

Section 154.073 contains no clear exception for either crime-fraud or waiver. *See* PRAC. & REM. § 154.073. The crime-fraud exception applies to attorney-client privilege and work-product privilege. *In re Grand Jury Subpoena*, 419 F.3d 329, 335 (5th Cir. 2005). It is inapplicable here. In addition, even if there were a waiver exception under Section 154.073, it would not apply because nothing in the record indicates that ADW ever waived

confidentiality by telling Bartos about the alleged threats or the content of discussions in mediation.

The remaining question, then, is whether the alleged threats were covered by the confidentiality protections of Texas mediation law. Section 154.073 is confined to "matters occurring during the 'settlement process'" — in Areizaga's words, what is "substantive." *In re Daley*, 29 S.W.3d 915, 918 (Tex. App.—Beaumont 2000, orig. proceeding). One Texas court of appeals held that "[c]ommunications made during an alternative dispute resolution procedure are confidential, and may not be used as evidence." *Rabe v. Dillard's, Inc.*, 214 S.W.3d 767, 769 (Tex. App.—Dallas 2007, no pet.). Another court held that whether a party had physically left the mediation discussion "prior to its conclusion [and] without the permission of the mediator" was "not a matter related to the settlement process itself," and thus that fact was not confidential. *Daley*, 29 S.W.3d at 918. Although there is no binding authority on the exact question before us, we are persuaded that the alleged threats here are more like the protected communications in *Rabe* than the non-protected physical act in *Daley*. The alleged threats are protected as confidential because they occurred within the confines of the structured mediation discussion. PRAC. & REM. § 154.073; *Rabe*, 214 S.W.3d at 769.

Because Areizaga provided no competent evidence of threats to carry his burden, the district court did not err in finding the alleged threats to be confidential and inadmissible.

AFFIRMED.

# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

January 27, 2020

Ms. Karen S. Mitchell
Northern District of Texas, Dallas
United States District Court
1100 Commerce Street
Earle Cabell Federal Building
Room 1452
Dallas, TX 75242

    No. 18-10304   Efrain Areizaga v. ADW Corporation
                         USDC No. 3:14-CV-2899

Dear Ms. Mitchell,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                        Sincerely,

                        LYLE W. CAYCE, Clerk

                        By: _____
                        Melissa V. Mattingly, Deputy Clerk
                        504-310-7719

cc :
    Mr. Efrain Areizaga
    Mr. John R. Herring